[S. F. No. 1441.   In Bank.—October 4, 1898.]

ALBERT I. ANDERSON et al., Petitioners, v. SUPERIOR
COURT OF LASSEN COUNTY, Respondent.

INSOLVENCY—PETITION OF CREDITORS—AMENDMENT—NEW PROCEED-
ING.—A petition of the creditors of an insolvent debtor must
show that they are, at least to the number of five, creditors of
the alleged insolvent, and creditors to the amount of five hun-
dred dollars, and, if they fail to do so, the proceeding must fail;
and the petition cannot be amended by bringing in new creditors,
without the institution of a new proceeding, subject to the pro-
visions of the statute in reference to citation, bond, etc.

ID.—PROCEEDING WITHOUT BOND—PROHIBITION.—A proceeding by the
creditors of an alleged insolvent debtor without a bond, in the
face of an objection thereto, and without any waiver of the ob-
jection, is in excess of the jurisdiction of the superior court,
and there being no adequate remedy therefor by appeal, prohi-
bition will lie to restrain such proceeding.

ID.—EFFECT OF ORIGINAL BOND.—The bond accompanying a petition
in insolvency covers only the costs and damages sustained  by
the filing of that petition, with such proper amendments as may
have been made thereto; but does not cover costs and damages
sustained by reason of the filing of a petition by other creditors
in a new proceeding.

PROHIBITION from the Supreme Court to the Superior
Court of Lassen County.  F. A. Kelly, Judge.

The facts are stated in the opinion of the Court.

M. Marsteller, and W. M. Boardman, for Petitioners.

F. A. Kelly, Judge of Superior Court, Respondent, in pro.
per.

BEATTY, C. J.  The petitioners ask for a writ of prohibition
to restrain the superior court from proceeding against them as
involuntary insolvents, upon the ground that the court has acted,
and is threatening to act, in excess of its jurisdiction.  Upon
the filing of the petition an alternative writ was issued, and the
return thereto consists merely of a general demurrer to the peti-
tion.  The question is, whether the facts alleged show any ex-
cess, or threatened excess, of jurisdiction, for which the petition-
ers have no plain, speedy, and adequate remedy in the ordinary
course of law.  (Code of Civ. Proc. secs. 1102, 1103.)

The material facts are that in October, 1896, five persons filed a petition in the superior court of Lassen county asking an adjudication of the insolvency of these petitioners. After two amendments to that petition a trial was had which resulted in an adjudication of insolvency, but a motion for a new trial was granted and that judgment vacated upon the ground that these petitioners were not indebted to the petitioning creditors therein in the sum of five hundred dollars at the time their second amended petition was filed. When the matter again came on for hearing in pursuance of the order for a new trial, the original five petitioning creditors were permitted, against the objection of these petitioners, to file a third amended petition, in which four new parties were joined as petitioning creditors and their claims set forth. No new bond accompanied this petition, nor was any new citation served or issued thereon. The alleged insolvents (these petitioners) objected at the time the third amended petition was presented—and have since renewed the objection in various forms—to allowing new petitioning creditors to be brought in by way of amendment. They contend that the law does not permit such an amendment—that the addition of new petitioning creditors constitutes it a new and distinct proceeding, and consequently that the court cannot proceed without a new bond and a new citation. These objections were overruled by the superior court as often as they were made and the petitioners required to answer the third petition. The superior court threatens and intends to proceed upon the third amended petition in insolvency, not as upon a new petition, but as upon a proper amendment of the original petition, and without requiring any new bond or new citation.

The conditions upon which a person may be forced into insolvency and his property sequestrated for the benefit of his creditors are prescribed by the statute. Considering the serious consequences to the supposed insolvent and to those who have dealt with him, the conditions imposed by the statute are not onerous, and there is no reason why they should be disregarded. One of the conditions required is, that five creditors should unite in the petition and that they should hold claims to the amount of five hundred dollars. It was not intended that less than five *bona fide* creditors, or creditors in a less amount than five hund-

red dollars, should set this proceeding in motion and afterward drum up the requisite number and amount to sustain the jurisdiction, and there is nothing in the language of the statute to support the contention that a defect of this character can be cured by amendment. It is true the petition may be amended, but the language of the act is: "The petitioners may from time to time amend and correct the petition so that the same shall conform to the facts," et cetera. (Stats. 1895, p. 134.) This means nothing more than it says, *i. e.*, that the original petitioners may amend and correct their allegations as to acts of insolvency and the particulars of their own claims—not that they may hunt up and bring in new creditors to set up new claims. If those who have originally commenced the proceeding cannot show that they are, to at least the number of five, creditors of the alleged insolvent, and creditors to the amount of five hundred dollars, the proceeding ought to fail, and in our opinion does fail. The third amended petition, so-called in this case, was therefore at best the beginning of a new proceeding, and not properly an amendment of the former petition. As a new proceeding it was subject to the provisions of the statute in reference to citation, bond, et cetera.

The respondent cites *Creditors v. Consumers' Lumber Co.*, 98 Cal. 318, and *Dixon v. Allen*, 69 Cal. 528, to the proposition that the requirement of the bond is not jurisdictional. Those cases merely hold that the bond being for the benefit and security of the person against whom the proceeding is taken, he can waive defects in the bond or delay in filing it, but they do not countenance the claim that in this proceeding the superior court has the power to make a decree of insolvency in the absence of a bond, and over the specific objection that no bond has been given. Grant that a bond may be waived, there is here a direct allegation showing that it has not been waived, but is, on the contrary, insisted upon, and the proceeding being special and statutory the attempt to proceed without a bond is an excess of jurisdiction.

And this particular excess of jurisdiction is one for which an appeal is a wholly inadequate remedy. The only effect of an appeal would be to reverse the adjudication of insolvency, but in the mean time the petitioners would have incurred costs and damages,

for the recovery of which they would have no security. The bond accompanying the original petition covers only the costs and damages sustained by reason of the filing of that petition, with such proper amendments as may have been made thereto. It does not cover costs and damages sustained by reason of the filing of a petition by other creditors in a new proceeding.

The judgment is that the respondent be, and it is hereby, prohibited from proceeding upon the so-called third amended petition in the matter of Anderson and Berry, insolvent debtors, as an amendment to the original petition therein, or otherwise than as a new and independent proceeding.

Temple., J., Harrison, J., McFarland, J., Van Fleet, J., and Henshaw, J., concurred.

Garoutte, J., concurring.—I concur in the foregoing opinion and judgment. *Matter of Visalia Water Co.,* 119 Cal. 561. is direct authority upon the question.