Upon January 10th certain creditors of one Whipple filed a petition asking that he be adjudged an insolvent debtor. It was asserted therein that Baily was one of the creditors, and as such creditor he made affidavit to the petition. Thereafter, January 14th, for reasons not apparent in the record, a second petition was filed, and a demurrer to this petition being sustained, an amended petition thereto was filed, and thereupon issue was joined and a trial had. Upon January 12th the claim of Baily was paid. The trial court acted upon the theory that the second and third petitions were amended petitions, or attempted amended petitions, of the first petition, and we will so consider them.
In the first amended petition W.C. Furrey Company appears as a creditor, and that petition is verified by their agent, James W. Hellman. The Furrey Company did not appear as a creditor in the first petition, and, treating the second *Page 427 
petition as an amended petition, we are clear that the Furrey Company was not authorized to verify the same as a creditor.(Matter of Visalia Water Co., 119 Cal. 562; Anderson v. SuperiorCourt, 122 Cal. 216.) While we do not hold that an amended petition should be verified by the same creditors who verified the original petition, still the second petition should be verified by three of the original creditors. It is by virtue of the five original petitioning creditors that the court secures jurisdiction of the proceedings, and Furrey was not one of them.
In view of what has already been said, the first amended petition must be deemed in effect a new petition, and this being so, the second amended petition must fall, because at the date of its filing Baily was not a creditor of the alleged insolvent, his claim having previously been satisfied. Without his claim there were but four petitioning creditors to the third petition, the Furrey Company not appearing as a creditor therein.
For these reasons the third petition gave the court no jurisdiction over the alleged insolvent, and the order denying the new trial is affirmed.
Harrison, J., and Van Dyke, J., concurred.