BOARD OF HOME MISSIONS OF THE PRESBYTE-
RIAN CHURCH OF THE UNITED STATES OF
AMERICA, a Corporation, Plaintiff, v. W. W.
MAUGHAN, Judge of the First Judicial District of
the State of Utah, Defendant.

No. 2022.   Decided April 4, 1909 (101 Pac. 581).

1. Prohibition—Questions Presented on Demurrer to Petition.
In view of Comp. Laws 1907, sec. 3654, authorizing the writ of
prohibition to arrest the proceedings of any tribunal, etc.,
whether judicial or ministerial, when such proceedings are with-
out or in excess of its jurisdiction, the question on demurrer to
a petition to prohibit proceedings in a civil case is not whether
the facts alleged are sufficient to entitle plaintiff to sue for
malicious prosecution or abuse of legal process, but solely
whether the court is proceeding without or in excess of its
jurisdiction.   (Page 520.)

2. Prohibition—Scope of Remedy—Relief Against Gross Errors
in Proceedings. If a court has jurisdiction of a proceeding,
mere errors, however gross, in conducting it, do not deprive
it of jurisdiction so as to justify prohibition of the proceeding.
(Page 521.)

3. Prohibition—Scope of Remedy in General. The writ of prohi-
bition will issue only when the inferior tribunal usurps or ex-
ceeds the power conferred on it by law, and when there is no
other adequate remedy.   (Page 522.)

4 Prohibition—Relief Against Garnishment Proceedings. Con-
ceding that a garnishment ·is a malicious abuse or illegal use
of legal process, it does not affect the district judge's jurisdiction
thereof so as to authorize resort to prohibition.   (Page 523.)

5. Prohibition—Relief Against Abuse or Illegal Use. Proceed-
ings in a court of general jurisdiction cannot be arrested by
prohibition on the sole ground that the suitor is abusing or
illegally using ·legal process therein; an action for malicious
prosecution lies therefor against the offender. (Page 523.)

6. Prohibition—Abuse of Process—Effect on Jurisdiction—
Duty of Court When Apparent. The mere abuse of legal pro-
cess cannot deprive a court from retaining jurisdiction of the
action in which it is practiced, though it ought to refuse to
proceed when the abuse is made apparent.   (Page 523.)

7. PROHIBITION—RELIEF AGAINST GARNISHMENT PROCEEDINGS—EFFECT OF COLLUSIVE ACTION. That the action in which a judgment was obtained was instituted collusively does not affect the jurisdiction of the court as to the garnishment proceeding based on the judgment, and so authorize a resort to prohibition. (Page 523.)

8. GARNISHMENT—ABUSE OF PROCESS. A judgment debtor is always supposed to be interested in paying his debts, and may therefore legally assist his creditor to obtain payment of a debt due from a garnishee to him, and do in the garnishment proceeding what he might lawfully do in a proceeding in his own name and behalf, though in neither proceeding would the law authorize him to abuse or maliciously use legal process. (Page 524.)

9. PROHIBITION—RELIEF AGAINST GARNISHMENT PROCEEDINGS. Though an appeal furnishes no redress to a party aggrieved by the use of a garnishment proceeding to gain information for use in another action or proceeding, the overruling of his objections would be nothing more than error, and will not deprive the court of jurisdiction so as to justify resort to prohibition. (Page 525.)

10. GARNISHMENT—EFFECT OF OFFSET OR COUNTERCLAIM. If it is made to appear that the garnishee in good faith claims an offset or counterclaim to the debt or claim sought to be reached, the court should at once arrest the proceeding and require the parties to settle the controversy in a proper action or proceeding. (Page 527.)

11. PROHIBITION—RELIEF AGAINST GARNISHMENT PROCEEDINGS. But the mere fact that this orderly method of procedure is not observed does not authorize the arrest of the court's action by prohibition. (Page 527.)

Original proceedings in Supreme Court for writ of prohibition by the Board of Home Missions of the Presbyterian Church of the United States against W. W. Maughan, Judge of the First Judicial District.

DEMURRER TO PETITION SUSTAINED—PROCEEDINGS DISMISSED.

*Henderson, Pierce, Critchlow & Barrette* for plaintiff.

*A. Law* and *Frank K. Nebeker* for defendant.

FRICK, J.

This is an original proceeding in this court for a writ of prohibition to restrain the Honorable W. W. Maughan, district judge, from proceeding further in a garnishment proceeding commenced and now pending against the plaintiff in the district court of Cache County, Utah. The plaintiff, in its petition, after stating its corporate capacity, in substance, alleges: That in April, 1907, the plaintiff entered into a contract with one John W. Barrett whereby he agreed to erect a certain building for plaintiff; that said Barrett failed and refused to complete said building according to contract; that certain mechanics' liens were filed against said building which the plaintiff was compelled to pay and discharge; that by reason of the failure of said Barrett to complete said building and by compelling plaintiff to pay said liens plaintiff was damaged and now claims such damages against said Barrett, and to recover the same has brought an action against said Barrett and his bondsmen in the Circuit Court of the United States for the District of Utah; that in April, 1908, a certain action was brought in the district court of Cache County, Utah, by Anderson & Sons Company, as plaintiff, and against said Barrett, as defendant, in which action said Barrett confessed judgment in favor of said plaintiff for the sum of $425; that thereafter on the —— day of April, 1908, a writ of garnishment was duly issued in said cause duly served upon the plaintiff herein requiring it to make answer thereto; that the plaintiff answered denying that it was indebted to said Barrett, to which answer a reply was filed, in which the statements of the plaintiff were denied, and the issue thus joined came on for hearing on the 25th day of January, 1909, before the defendant herein; that the action of Anderson & Sons Company, in which the judgment for said $425 was obtained, and in which the garnishment proceeding was instituted, was in fact brought by said John W. Barrett through and by means of counsel employed by him for the purpose of obtaining upon the record of said court a judgment against himself; that thereafter said Barrett, through counsel employed by himself, alone procured the issuance and service

of the writ of garnishment aforesaid; that at the hearing
upon the issues presented by the annswer of the plaintiff·
·herein and the reply of said Anderson & Sons Company said
Barrett appeared by his counsel, and ·said hearing was con-
ducted by and· in the interest of said Barrett only; that
neither the action in which judgment was obtained against
said Barrett as aforesaid, nor the garnishment proceeding,
was commenced in good faith, but that the garnishment pro-
ceeding was commenced and conducted for the purpose· of
vexing and harassing the plaintiff and to give said Bar-
rett the desired knowledge and information with respect to
what evidence this plaintiff would present in the action pend-
ing in the federal court between plaintiff and said Barrett
and to aid him in preparing a defense to said action; that the
hearing on said garnishment proceeding lasted continuously
from the 25th to the 28th day of January, 1909, and on said
last day this plaintiff, in examining the manager of said An-
derson & Sons Company as a witness, for the first time be-
came aware of the fact that the garnishment. proceeding was
not instituted or prosecuted by said Anderson & Sons Com-
pany, but was prosecuted by said Barrett for the purposes
aforesaid; that, immediately upon being made aware of the
facts aforesaid, counsel for plaintiff moved the court to dis-
miss the garnishment proceeding upon the grounds that it was
·carried on and conducted in bad faith and was an impo-
sition upon the court, and an abuse of legal process; that
the defendant, sitting as the district court aforesaid, over-
ruled said motion, and said hearing will be further pursued
and heard by the defendant unless he is prohibited from doing
so by this court. It is further alleged that the garnishment
proceeding is feigned and collusive, and is not a proceeding
in good faith, but for an ulterior purpose of said Barrett, as
aforesaid.

Upon substantially the foregoing allegations, the plaintiff
prayed for an order commanding the defendant to appear be-
fore this court and show cause why he should not be pro-
hibited from proceeding further in said garnishment pro-
ceeding. Such an order was duly issued, and the defendant

·appeared as therein commanded, and, at the same time, demurred generally and also moved to quash the petition upon the ground that the facts therein stated are insufficient to entitle the plaintiff to the relief prayed for, or to any relief. Counsel for both parties were heard orally, and, in connection therewith, they have also filed printed briefs upon the questions raised by the demurrer. The only question for determination therefore is: Do the facts alleged in the petition authorize this court to prohibit the defendant from proceeding further with the garnishment proceeding?

It is obvious that the question is not whether the facts alleged in the petition are or are not sufficient to entitle the plaintiff to maintain an action for malicious prosecution upon the ground of a malicious abuse or a malicious use of legal process as illustrated by the following cases: *Lauzon v. Charroux,* 18 R. I. 467, 28 Atl. 975; *King v. Johnston,* 81 Wis. 578, 51 N. W. 1011; *Bartlett v. Christhilf,* 69 Md. 219, 14 Atl. 518; *Mayer v. Walter,* 64 Pa. 283. The sole question is whether an inferior court is proceeding without or in excess of its jurisdiction or power. Section 3654, Comp. Laws 1907, authorizes the writ of prohibition to issue to "arrest the proceedings of any tribunal, corporation, board or person, *whether exercising functions, judicial or ministerial,* when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person." In the state of California, a similar statute is in force. In fact, our statute is a copy of the California statute as amended by the legislature of that state in 1881. Prior to that time the words we have italicized were omitted from the California statute. The Supreme Court of California has had frequent occasion to determine what acts may be restrained by the writ of prohibition. That court, in harmony with many other courts, has always held to the doctrine that in the absence of an express statute permitting it, the writ of prohibition may issue only to arrest acts that are without or in excess of jurisdiction. In *People v. Supervisors,* 47 Cal. 81, the writ was prayed for to arrest some judicial act of the board of su-

·pervisors, and the court, in refusing the writ, held that the proceedings sought to be arrested were not in excess of jurisdiction. The court said that prohibition is not the proper remedy unless the proceedings sought to be arrested "themselves are absolutely without or in excess of jurisdiction." If therefore a court has jurisdiction of a proceeding, mere errors, however gross, in conducting the proceeding, do not deprive the court of jurisdiction. In *Maurer v. Mitchell,* 53 Cal. 292, it is said: "In prohibition it must be shown to the court that the inferior court or person has exceeded the powers conferred by law, and the court intervenes to prevent further proceedings without or in excess of such power."

In 2 Spelling, Extr. Relief, section 1723, the author states the rule in the following language: "The court will exercise its authority to issue writs of prohibition to courts of inferior jurisdiction, only in cases where such courts clearly exceed their jurisdiction, or attempt to usurp a jurisdiction belonging to some other forum." The same author, in the section following, in referring to what constitutes a defect or excess of jurisdiction, says: "But there is a distinction in this connection between the defect of jurisdiction arising *in pais,* and such as are matters of law, and hence determinable upon inspection of the record. The general rule is that the writ of prohibition will not issue to restrain an inferior judge from doing an act when he has prima facie jurisdiction." In 16 Ency. Pl. and Pr., 1125, the rule is stated thus: "The sole question for determination upon an application for a writ of prohibition is whether or not the inferior court has usurped jurisdiction or exceeded its lawful powers, and the writ is always refused when it appears that the court has jurisdiction over the matter complained of." Further, on page 1126, it is said: "The writ will not be issued on account of errors or irregularities in the proceeding of the court having jurisdiction." In High's Extr. Legal Rems., 767, the author states the rule in the following words:

"It follows from the extraordinary nature of the remedy, as already considered, that the exercise of the jurisdiction is limited to cases where it is necessary to give a general superintendence and control over inferior tribunals, and it is never allowed except in cases of usurpation or abuse of power, and not then unless other existing remedies are inadequate to afford relief. In other words, the remedy is employed only to restrain courts from acting in excess of their powers, and if their proceedings are within the limits of their jurisdiction prohibition will not lie. If therefore the inferior court has jurisdiction of the subject-matter in controversy, a mistaken exercise of that jurisdiction or of its acknowledged powers will not justify a resort to the extraordinary remedy by prohibition."

From the foregoing quotations, which could be greatly multiplied, it is clear that the writ of prohibition will issue only when the inferior tribunal usurps or exceeds the powers conferred upon it by law, and when there are **3** no other adequate remedies by which the party aggrieved may obtain relief. Whatever power is conferred may be exercised, and, if it be exercised injudiciously or irregularly, it amounts to an error merely, and not to a usurpation or excess of jurisdiction. Nor does it affect the jurisdiction that the error or irregularity is palpable or gross. It is nevertheless merely error and not usurpation of power. It may sometimes seem like usurpation when a court permits or authorizes some act in the course of a proceeding which is clearly and manifestly erroneous, but all such acts amount only to an erroneous exercise of jurisdiction, and not to an excess of it, as the term "excess" is understood and applied by both courts and lawyers. If we apply the facts as stated in the petition filed in this proceeding to the law, do they show that the defendant has either usurped or exceeded the powers conferred upon him by law? It is conceded by plaintiff's counsel that the district court has complete jurisdiction over garnishment proceedings and the power to hear and determine the issues arising upon plaintiff's answer and reply thereto. It is further conceded by them that the evidence that may be offered upon such an issue is not and cannot be defined with any degree of certainty. But it is urged, as we understand counsel, that neither the principal action in

which the garnishment proceeding was commenced, nor the garnishment proceeding itself, was commenced or is prosecuted in good faith, but, on the contrary, was commenced and prosecuted, and the garnishment proceeding is conducted, in the interests of John W. Barrett and for the purpose of vexing and harassing the plaintiff, and to obtain evidence from its witnesses upon which said Barrett will rely as a defense in the action pending between the plaintiff and said Barrett in another court; and this, it is insisted, constitutes a malicious abuse of legal process, or, at least an illegal use of such process. Even if this be conceded, still we cannot see how this affects defendant's jurisdiction while sitting as the district court of Cache County.

May proceedings in a court of general jurisdiction be arrested by a writ of prohibition against the court upon the sole ground that some suitor is abusing or illegally using legal process in such court? We think not. If such legal process is maliciously abused or used for ulterior purposes, an action for malicious prosecution lies against the offender. The mere abuse of legal process, in the nature of things, cannot deprive a court in which such abuse is practiced from retaining jurisdiction of the action. True, a court ought to refuse to proceed with a pending case, when it is made apparent that there is an abuse of legal process; but to refuse to do so, although it may be a wrong upon him against whom the abuse is practiced, does not destroy the court's jurisdiction either of the subject-matter or of the parties. That constitutes nothing more than an erroneous, and in an extreme case, perhaps, a wrongful and unfair exercise of jurisdiction.

Nor can the alleged fact that the original action in which the judgment was obtained against Barrett was instituted collusively affect the jurisdiction of the court. It is not even alleged that Barrett did not in fact owe Anderson & Sons Company the amount for which judgment was obtained. If he did owe them, he had a right to confess judgment, and the motive or object he had in view did not affect either the plaintiff or the jurisdiction

of the court. No doubt Barrett had no legal right to institute a garnishment proceeding in that action against the plaintiff in his own name; but, even if he could, he nevertheless had no right to prosecute such proceedings for some ulterior purpose. But this again does not affect the jurisdiction of the district court. The most that can be said in this regard is that the court should confine the inquiry to the issue, namely, whether the plaintiff is indebted to Barrett, the judgment debtor in that action, or not. We are not prepared to say that where one is sued, and a judgment is obtained against him, he may not combine his efforts with those of the judgment creditor in a garnishment proceeding against a garnishee for the purpose of judicially establishing the fact that such a garnishee is indebted to the judgment debtor. Such judgment debtor is always supposed to be interested in paying his debts. He therefore may legally assist his creditor to obtain payment of a debt due from the garnishee to such judgment debtor. We think no one would contend to the contrary. He may therefore do in such a proceeding what he might lawfully do in a proceeding brought in his own name and conducted in his own behalf; but in neither proceeding, whether conducted in his own name or in that of another, would the law authorize him to abuse or maliciously use legal process. To do so would, however, not affect the court's jurisdiction over the proceeding nor deprive it of the power to hear and determine the issues. We repeat what we have said before: That, in a case where it is shown that the whole proceeding is merely colorable, the court should refuse to proceed with it at all, and in a case such as a garnishment proceeding, where the judgment upon which such a proceeding is based is a valid judgment, the court should not permit the garnishee to be vexed and harassed, nor permit the judgment creditor, or any one else, to carry on a proceeding for the sole purpose of compelling the garnishee to make disclosures which are not relevant to the issues before the court. To permit this is palpably erroneous and is not limiting the proceeding to the purposes intended by the statute; but to

commit such an error, although palpable, is not in excess of jurisdiction and must be reviewed on appeal by the garnishee, a right which is expressly given him by the statute.

But it is said that, where the plaintiff is compelled to make disclosures in such a proceeding for the purpose instanced, an appeal is utterly futile—that the purpose sought has been accomplished, and an appeal furnishes no redress whatever. This may be so, but, if it is, it would still be so in any case or proceeding where one of the parties either on his own motion, or at the instigation of another, sought to elicit evidence from his adversary which was sought for ulterior purposes and to gain information to be used in another action or proceeding. If in such a case the court overruled the objection of the party offended against, it would be error, nothing more. The error may be palpable and most injurious to the party offended against, and the wrong incurable on appeal, yet no one can doubt the jurisdiction of the court, however much one might deplore his ruling. A few cases are cited by plaintiff from which it appears the courts have granted writs of prohibition in cases which counsel claim are similar in principle to the case at bar. We have carefully examined the cases cited, and the following are the only ones that we think have any bearing upon the question, namely: *Anderson v. Superior Court,* 122 Cal. 216, 54 Pac. 829; *State v. Elkin,* 130 Mo. 90, 30 S. W. 333, 31 S. W. 1037; *Powhattan Coal & Coke Co. v. Ritz,* 60 W. Va. 395, 56 S. E. 257, 9 L. R. A. [N. S.] 1225; *Havemeyer v. Superior Court,* 84 Cal. 327, 24 Pac. 121, 10 L. R. A. 627, 628, 18 Am. St. Rep. 192, and *State v. Spencer,* 166 Mo. 271, 65 S. W. 981. Without pausing to enter upon a review of these cases at this time, it must suffice to say that we are convinced that the case at bar is clearly distinguishable from all of them, and from all others that we have examined in which writs of prohibition were granted. In all of the cases the general rule stated by us is not only recognized, but is sought to be enforced. If the courts have departed from the general rule in any of the cases in view of the results

reached, they have not done so with the view of departing · from it, but rather insist in each case that the particular case is one where there was either the want or excess of jurisdiction. Our conclusion that the defendant in this case neither acted without nor in excess of jurisdiction is therefore in harmony with the cases last referred to. The case of *Anderson v. Superior Court, supra,* cited by plaintiff's counsel, is illustrative of that class of cases where the statute requires some act to be done before the court may proceed to judgment. If in such a case the act is not performed, and the party for whose benefit the act is intended does not waive it, and makes objection to further proceedings until the act is complied with, the further action of the court may be arrested as being in excess of jurisdiction. This, however, would be more than a mere irregularity or error. It would directly relate to the power of the court to proceed in the teeth of the statute. The case of *Havemeyer v. Superior Court, supra,* also cited by plaintiff's counsel, partakes of the same nature as the case just referred to. In the latter case the proceedings of the court were arrested upon the ground that it, through its receiver, sought to take possession of property claimed by a third person who had not been made a party to the original action. To do this without legal process against the party claiming the property, no doubt, was in excess of the court's power. The two Kansas cases, namely, *In re Davis,* 38 Kan. 408, 16 Pac. 790, and *In re Cubberly,* 39 Kan. 291, 18 Pac. 173, are clearly distinguishable from the case at bar.

The discharge of the witnesses on *habeas corpus* proceedings from imprisonment for contempt because they refused to answer questions propounded to them before a notary public was clearly right. If these witnesses had been asked, however, the same or similar questions while testifying in the case on trial before a court of general jurisdiction, would it have ousted the court of jurisdiction to erroneously have required them to answer the questions? While, in so far as it affected the witnesses, the ruling requiring them to answer might have been unauthorized, and might, in a legal

sense, not have constituted contempt of court to refuse to answer, yet this would in no way affect the jurisdiction over the action or proceeding, and we are clearly of the opinion that no superior court would have prohibited an inferior court from proceeding with the case because an inferior court required witnesses to answer questions which it ought not to have done. If a superior court should arrest the proceedings of an inferior tribunal for causes other than a clear usurpation of power, the mischief arising from such interference would, in the end, be much greater than would be the mischief that could be prevented by such interference. An inferior court may grievously err, but all errors and irregularities may be cured by review on appeal. Where it is made apparent to the inferior court that the mischief caused by its rulings is one that cannot be so cured, the court itself should arrest the proceedings, and if there is another remedy provided by law, which nearly always is the case, the parties should be required to pursue such remedy. If, upon garnishment proceeding, therefore, it is made to appear to the court that the garnishee in good faith claims to have an offset or counterclaim to the debt or claim sought to be reached by garnishment, the court should at once arrest the garnishment proceeding and require the parties to settle the controversy in a proper action or proceeding. If this be done there is no occasion for a writ of prohibition, but the mere fact that this orderly method of procedure is not observed does not authorize us to arrest it by a writ of prohibition.

From what has been said it follows that the demurrer should be sustained. Further, it appearing that the plaintiff cannot so amend its petition as to show a usurpation of jurisdiction, the proceeding will be dismissed, with costs to the defendant.

It is so ordered.

STRAUP, C. J., and McCARTY, J., concur.