(October 29, 1915.)

A. V. McQUEEN, Plaintiff, v. CITY OF MOSCOW, a Municipal Corporation, et al., Defendants.

[152 Pac. 799.]

CITIES AND VILLAGES—STATUTORY CONSTRUCTION—LOCAL IMPROVEMENT DISTRICTS—CREATION OF—PETITION FOR—WHO MAY SIGN—RESIDENT PROPERTY OWNERS—ACTION OF CITY COUNCIL—RIGHT TO WITHDRAW FROM PETITION.

1. Under the provisions of subd. 2 of sec. 2238f, Laws of 1915, p. 221, the resident owners of property subject to assessment in an improvement district may petition the city council for the creation of such district and request that the cost of the improvements contemplated be assessed against all of the property in such improvement district in proportion to the benefits derived, and if such petition is signed by seventy per cent of the resident owners of property within such district, the council or board of trustees may, in its discretion, assess such expense against all of such property owners in proportion to the benefits derived from such improvement.

[As to meaning generally of "local improvement" for which special assessment may be levied, see note in Ann. Cas. 1914B, 542.]

2.   Under the provisions of sec. 4 of the Revised Codes, the provisions of said codes and all proceedings under them must be liberally construed with a view to effect their objects and promote justice, and *held* that a substantial compliance with the law involved in this case is all that is necessary.

3.   *Held,* that the signers of such petition must reside within the proposed district and own property therein subject to assessment for the improvements contemplated.

4.   Under the provisions of subd. 4 of said section, if protests against the proposed improvement by the owners of more than two-thirds of the front feet of the lots and land abutting on such improvement and included in the assessment district therein provided be filed on or before the date fixed for such filing, the council or trustees shall not proceed further with the work unless three-fourths (or in case there are only five regular members of the council, then four-fifths) of the members of said council or board of trustees shall vote to proceed with such work.

5.   *Held,* that there is no appeal from the action of the council or trustees in holding that such a petition is sufficient, and such action is final unless fraud or misconduct is shown on the part of the council in making such order.

6.   *Held,* that the signature of both husband and wife is not required for the creation of an improvement district where they own and reside upon community property within the district, and that it is not necessary for both husband and wife to sign such petition where the real estate is owned by one of the parties as separate property where a homestead has been filed thereon; and *held,* that if the community property stands in the name of the wife, it is not necessary for the husband to join in such petition, and that where the husband and wife own community property in such district and both sign the petition for the creation of the improvement district, they should only be counted as one; and where one member of the community fails to sign such petition, the one signing should be counted.

7.   Where a corporation, incorporated under the laws of this state, owns property subject to assessment in such district and signs the petition, it should be counted in favor of the district.

8.   Foreign corporations owning property in such district, subject to assessment, ought not to be counted either for or against the improvement district.

9.   A person who signs such petition should be counted who holds real estate subject to assessment of benefits within such district under contract, the deed being in escrow, where his grantor has not signed the petition based on his ownership of such real estate.

10. Where two persons are joint owners of real estate within such improvement district and they also own real estate in said district individually, they should each be counted but once on such petition.

11. Nonresidents of such district who sign such petition ought not to be counted.

12. A name ought not to be counted on such petition when placed thereon sixty days after the petition was filed and acted upon by the municipality.

13. Where a husband and wife reside in such district, each having separate property in such district, and sign the petition, they must each be counted as a petitioner.

14. Residents of such districts who are temporarily absent and have not established a residence in any other place, having real estate in such district subject to assessment, are competent to sign such petition.

15. Anyone who has signed such petition has a right to withdraw his name therefrom at any time before the council passes the ordinance of intention, but not afterward.

Original application to this court for a writ of prohibition to prohibit the city counsel of Moscow from proceeding with the improvements contemplated in Improvement District No. 6 of said city. Alternative writ issued and on hearing the same is quashed and the peremptory writ denied.

John Nisbet, for Plaintiff.

"Where the power to pave or to improve depends upon the assent or petition of a given number or proportion of the proprietors to be affected, this fact is jurisdictional, and the finding of the city authorities or counsel that the requisite number had assented or petitioned is not, in the absence of legislative provision to the effect, conclusive; and want of such assent makes the whole proceeding void." (Dillon on Municipal Corporations, 4th ed., sec. 800; 25 Am. & Eng. Ency. Law, 1204; *Henderson v. Mayor of Baltimore,* 8 Md. 352; *Carron v. Martin,* 26 N. J. L. 594, 69 Am. Dec. 584; *Camden v. Mulford,* 26 N. J. L. 49; *State v. Elizabeth,* 30 N. J. L. 176; *State v. Newark,* 37 N. J. L. 415, 18 Am. Rep. 729; *Lyon v. Alley,* 130 U. S. 177, 9 Sup. Ct. 480, 32 L. ed. 899; *Radcliffe v. Scruggs,* 46 Ark. 96; *Rector v. Board of Improvements, etc.,* 50 Ark. 116, 6 S. W. 519.)

"Both husband and wife must sign the petition or neither name can be counted." (*Auditor General v. Fisher,* 84 Mich. 128, 47 N. W. 574; *Jacobs v. Miller,* 50 Mich. 119, 124, 15 N. W. 42.)

The church corporations must be considered as resident property holders. (*Auditor General v. Fisher, supra.*)

There should be no discrimination between a domestic and foreign corporation in this particular. (*State v. Horn,* 34 Kan. 556, 560, 9 Pac. 208; *New Albany etc. R. Co. v. Haskell,* 11 Ind. 301; *People v. Fredricks,* 48 Barb. (N. Y.) 173; *Bristol v. Chicago etc. Co.,* 15 Ill. 436.)

If the requisite number of legal signers are not upon the petition then the whole proceedings based thereon are void. (*Mulligan v. Smith,* 59 Cal. 206; *Merritt v. City of Kewanee,* 175 Ill. 537, 51 N. E. 867; *Auditor General v. Fisher,* 84 Mich. 128, 47 N. W. 574; *Steinmuller v. Kansas City,* 3 Kan. App. 45, 44 Pac. 600; *Swift v. Williamsburgh,* 24 Barb. (N. Y.) 427; *Von Steen v. City of Beatrice,* 36 Neb. 421, 54 N. W. 677; *Jex v. New York,* 103 N. Y. 536, 9 N. E. 39; *Kline v. Tacoma,* 11 Wash. 193, 39 Pac. 453; *State v. Birkhauser,* 37 Neb. 521, 56 N. W. 303; *Kahn v. Supervisors of San Francisco,* 79 Cal. 388, 21 Pac. 849; *Keese v. Denver,* 10 Colo. 112, 15 Pac. 825; *Carron v. Martin,* 26 N. J. L. 594, 69 Am. Dec. 584.)

The authorities seem to be in general accord that one tenant in common cannot sign a petition of this character. (*Auditor General v. Fisher, supra; Von Steen v. Beatrice,* 36 Neb. 421, 54 N. W. 677, 680.)

C. J. Orland, for Defendants.

A railway corporation is to be regarded as a resident of any county in which it operates its road or exercises its corporation franchise. (*State v. Bogardus,* 63 Kan. 259, 65 Pac. 251; *Chicago, R. I. & P. Ry. Co. v. Ellithorpe,* 78 Iowa, 415, 43 N. W. 277; *State v. Iowa C. R. Co.,* 91 Iowa, 275, 59 N. W. 35; *State v. Cipra,* 71 Kan. 714, 81 Pac. 488.)

On the other side, holding that a foreign corporation is not a resident within the meaning of such statutes as this, are the

following, with many others: *Kimmerle v. Topeka,* 88 Kan. 370, 128 Pac. 367, 43 L. R. A., N. S., 272; *Galveston, H. & S. A. Ry. Co. v. Gonzales,* 151 U. S. 496; 14 Sup. Ct. 401, 38 L. ed. 248; *Maisch v. New York,* 193 N. Y. 460, 86 N. E. 458.

The Potlatch Lumber Company is a foreign corporation; it has a general place of business at Potlatch, in Latah county, with lumber-yards located in various towns and cities in Idaho, one of which is located in Moscow. It seems to be generally held that even a domestic corporation can have but one residence in a state; can a foreign corporation have a greater privilege? (*Sangamon & M. R. R. Co. v. Morgan County,* 14 Ill. 163, 56 Am. Dec. 498; *Robinson v. Missouri Pac. R. R. Co.,* 67 Kan. 278, 72 Pac. 854; *Ex parte Schollenberger,* 96 U. S. 369, 24 L. ed. 853; *Paul v. Virginia,* 75 U. S. 168, 19 L. ed. 357; *Farmers' L. & T. Co. v. Chicago & A. Ry. Co.,* 27 Fed. 146.)

A withdrawal from the petition must be made prior to the time when the petition is acted on by the board or council, to which it is presented. (*State v. Board of Supervisors,* 88 Wis. 355, 60 N. W. 266.)

Under statutes similar to the one under consideration, where a petition of a certain per cent of the owners of property, subject to assessment, is required, this requirement must be strictly complied with; it is jurisdictional, and may be raised at any time by the parties whose property has been or is to be assessed, in the event that such petition has not been filed as by law required, and the competency of the signers may be inquired into, wherever the question is raised. (*Mulligan v. Smith,* 59 Cal. 206, 225; *Kahn v. Supervisors of San Francisco,* 79 Cal. 388, 21 Pac. 849.)

J. R. Keeny, having signed the petition about sixty days after it had been filed and acted upon by the mayor and council, should not be counted in determining the sufficiency of the petition. He should not be counted for the further reason that his wife did not sign the petition. (*Alpin v. Fisher,* 84 Mich. 128, 47 N. W. 574; *Batty v. Hastings,* 63 Neb. 26, 88 N. W. 139.)

Wm. E. Lee, as *Amicus Curiae.*

Since the law has provided an appeal in one case from the action of the council and the same law has not provided an appeal from another action of the council, the duty of the council in the matter of determining the sufficiency of the petition is *quasi*-judicial, and its action upon the sufficiency of the petition is final. (*Spaulding v. North San Francisco etc. Assn.,* 87 Cal. 40, 24 Pac. 600, 25 Pac. 249; *People v. Los Angeles,* 133 Cal. 338, 65 Pac. 749; *German Savings & Loan Soc. v. Ramish,* 138 Cal. 120, 69 Pac. 89, 70 Pac. 1067.)

The three foreign corporations certainly have no right to be counted in the petition as far as being a part of the number of the owners who are residents of the districts. (*Kimmerle v. Topeka,* 88 Kan. 370, 128 Pac. 367, 43 L. R. A., N. S., 272.)

A petitioner has a right to withdraw his name from a petition at any time until the petition is acted on by the body to which the petition is directed. (*Territory v. Veal, Mayor,* 16 N. M. 340, 117 Pac. 846, 35 L. R. A., N. S., 1113; *Sharum v. City of Muskogee,* 43 Okl. 22, 141 Pac. 22; *Sim v. Rosholt,* 16 N. D. 77, 112 N. W. 50, 11 L. R. A., N. S., 372, and note.)

SULLIVAN, C. J.—This is an original application to this court for a writ of prohibition against the city of Moscow, a municipal corporation, and the city council, restraining them from further proceeding with the improvements in a proposed local improvement district known as District No. 6, which improvements are outlined in Ordinance No. 405 of said city.

The alternative writ was issued and upon the return thereof defendants interposed a general demurrer and the case was heard upon the petition and demurrer.

The questions involved in the case are substantially as follows:

On May 3, 1915, a petition was filed with the clerk of the city of Moscow, petitioning for the organization of a local improvement district, provided for by House Bill No. 171 of

the 13th session of the legislature (Laws 1915, p. 221). Thereafter a committee consisting of two councilmen of said city, appointed by the. mayor, reported favorably on said petition and Ordinance No. 405 was passed, approved and published and the time fixed for filing protests against the creation of said district was July 23, 1915. Before said time had expired a protest was filed against paving in said local improvement district, and after due consideration, the city council denied said protest. The council thereupon proceeded with the work of improvement as outlined in said ordinance until stopped by the alternative writ issued by this court.

It is conceded that the validity of all subsequent proceedings to the passage of said ordinance is dependent upon the sufficiency of the petition and calls for a consideration of chapter 97 of Session Laws 1915, p. 221, and involves particularly the construction to be placed upon subd. 2 of sec. 2238f of said act, which subdivision is as follows:

"The expense of all improvements in the space formed by the junction of two or more streets, or wherein one main street terminates in or crosses another main street, and also all street crossings or cross-walks shall be paid by such city or village. Provided, however, that in the event such improvement is requested by a petition of the resident owners of property subject to assessment, and such petition shall request that the cost of the improvements covered by this section be assessed against all of the property in such improvement district in proportion to the benefits derived, and is signed by seventy per cent of the resident owners of property within such district subject to assessment, the council or trustees may, in its discretion, assess such expense against all of said property in proportion to the benefits derived from such improvement, but the intention of the council or trustees to so assess said expense must be stated in the resolution or ordinance declaring its intention to make such improvement."

Counsel for plaintiff first contends that the petition should be strictly construed, and cites Dillon on Mun. Corp., 4th ed., sec. 800, and also contends that the effect of the levy of special assessments is to charge the property of the citizen with the

burden for the public benefit and for that reason the provisions of the law must be strictly pursued, and cites 25 Am. & Eng. Ency. of Law, p. 1204, and authorities there cited.

So far as plaintiff's contention is concerned, to the effect that the provisions of said law must be strictly pursued, we would say that under the provisions of sec. 4 of the Rev. Codes, the rule of the common law that statutes in derogation thereof are to be strictly construed, has no application, and the rules established by the code respecting the subjects to which they relate, and their provisions and all proceedings under them are to be liberally construed with a view to effect their objects and to promote justice. A substantial compliance with the law involved in this case is all that is necessary.

One of the questions presented is: Who are legal signers of said petition?

Subd. 1 of said section 2238f provides that "The assessment of the cost and expense of any work or improvement . . . . shall be assessed upon the abutting, contiguous and tributary lots and lands, and lots and lands included in the improvement district formed. . . . . " It will be noted from the provisions of said act that the improvement district contains the territory which is the basis of the work. Subd. 2 of said section above quoted provides that the expense of paving the intersections of the streets shall be paid by the city unless "such improvement is requested by a petition of the resident owners of property subject to assessment, . . . . and is signed by seventy per cent of the resident owners of property within such district subject to assessment."

Said act contemplates that the district is to be mapped out and described in the petition before it is signed or acted upon. The boundaries of the district and the streets to be paved must be determined before the signers could intelligently sign such petition and before the city council could determine the sufficiency of the petition. Said act does not provide that the petition shall be signed by residents of the city who are owners of property within the proposed district, unless they reside within the proposed district. The act does not provide for the paving of the entire city, but of a dis-

trict within the city. It will be observed that the words "improvement district" both precede and follow the words "resident owners of property," and it is clear that the words "resident owners" refer only to owners who reside within the improvement district. We therefore hold that the legal signers of such petition must reside within the proposed district and be owners of property therein, subject to assessment.

We think the above conclusion is also supported by the fact that subd. 4 of said act provides that "If protests against the proposed improvement by the owners of more than two-thirds of the front feet of lots and lands abutting on such proposed improvement and included in the assessment district therein provided, be filed on or before the date fixed for such filing, the council or trustees shall not proceed further with the work unless three-fourths (or in case there are only five (5) regular members of the council or trustees then four-fifths) of the members of said council or board of trustees shall vote to proceed with such work." The law thus provides that the council "may in its discretion" pave and assess the cost of the intersections of streets as well as other parts of the streets, upon the property within the district according to the benefits, upon the filing of a petition containing the names of seventy per cent of the resident owners of the proposed district. In order, however, to protect owners of property situated in such district who do not reside there against the burden of having their property assessed for paving under said act, the owners who do not reside within the district cannot be counted, as far as the petition is concerned, and to protect foreign corporations and nonresident owners of the city, the act provides that the owners of more than two-thirds of the front feet of lots and land may protest against the proposed improvement district and work therein, and such protest absolutely puts an end to the improvement unless the council by a three-fourths vote shall vote to proceed with the work.

It will thus be seen that said act gives to those who actually reside within the proposed district the opportunity to put

the machinery of the city in motion looking to the establishment of such district and the improvement therein. At the same time, the law has given to those owners of property therein who do not reside there the right to protest against the improvement, and to stop the work or improvement, and if the owners of two-thirds of the front feet do actually protest, the machinery put in motion by the filing of the petition is stopped, and the improvement cannot be made unless the council should by a three-fourths (or in case there are five members then four-fifths) vote declare in favor of such improvement.

Some question is raised as to the conclusiveness of the acts of the city council in holding that the petition was sufficient. Said petition was filed with the council and a committee was appointed to investigate the sufficiency thereof. The committee reported that at least seventy per cent of the resident property owners had signed the petition and the council ratified the report of the committee. A protest was filed against the establishment of said district and was rejected by a unanimous vote of the council. The law provides no method of appeal from this action of the city council in declaring the petition sufficient, but it does, however, provide for an appeal to the district court by any person who is dissatisfied with the assessment that may be levied upon the property of the land owner   We are inclined to hold that the action of the city council in determining that the petition was sufficient is final, no fraud or misconduct on the part of the council being charged.

Several questions have been propounded in regard to who may legally sign such petition and who should not and who should be counted for and against the creation of such district, and we shall answer them in the order in which they are propounded:

1. Should both husband and wife petition for the creation of the improvement district where they own and reside upon the community property within the district? No; the signature of the husband is sufficient.

2. Is it necessary for both husband and wife to sign such petition where the real estate is owned by one of the parties as separate property but a homestead having been filed thereon? No.

3. If the community property stands in the name of the wife, is it necessary for the husband to join in such petition? No, since the council in such case need go no further than to determine who holds the record title.

4. Should the husband and wife, when they are owners of community property and who petition for the creation of an improvement district, be counted as one or two? As one.

5. If one member of the community fails to sign such petition, should the one signing be counted? Yes.

6. Should a religious corporation that owns property in such district be counted for or against the creation of the improvement district? If it were incorporated under the laws of this state and sign the petition, it should be counted in favor of the district. However, foreign corporations which are authorized to do business under the laws of this state and which own real estate within such improvement district must not be counted either for or against such improvement district.

7. Should a person be counted as a petitioner who holds real estate within the district under contract, the deed being in escrow? Yes, provided he signs the petition and his grantor does not sign it.

8. Where two persons are joint owners of real estate within an improvement district and they also own real estate in said district individually, are they each entitled to be counted twice as petitioners asking for the creation of such improvement district? No; they should each be counted but once.

9. Should the name of a petitioner be counted as part of the required seventy per cent when he was at the time a nonresident of the state? No.

10. Should a name be counted when placed on the petition sixty days after it has been filed and acted upon by the municipality? No.

If a husband and wife, residents of such district, each has separate property and sign the petition, they must each be counted as a petitioner. Residents of such district who are temporarily absent and have not established a residence in any other place, having real estate in such district, are competent to sign such petition.

It appears that three persons who signed the petition afterward signed the protest. The petition was filed on May 3, 1915, and referred to the committee which reported on it on May 12th. The ordinance of intention was then passed and published on July 9th, and the protest signed by the three persons above named, with others, was presented to the city council on July 23, 1915  It will thus be seen that after the city council had assumed jurisdiction of the matter and had acted on said petition and those names had been counted by the council in determining the sufficiency thereof, it was too late for them to withdraw from the petition, as they attempted to do. They had a right to withdraw their names from the petition at any time before the council passed the ordinance of intention, but not afterward. (As touching upon this question, see *Territory v. Veal, Mayor,* 16 N. M. 340, 117 Pac. 846, 35 L. R. A., N. S., 1113, and note.)

After striking from said petition all illegal names that might be on it, there were at least seventy per cent of the resi-dent legal signers of the petition who had signed it.

We therefore conclude that the action of the city council must be affirmed, and it is so ordered, and the alternative writ heretofore issued is quashed and the peremptory writ denied. Costs are awarded to the defendants.

Budge and Morgan, JJ., concur.