Argument for Plaintiffs.

(October 1, 1923.)

J. C. MAXWELL and A. F. MORRISON, Plaintiffs, v. ROBERT M. TERRELL, Presiding Judge of the Sixth Judicial District of the State of Idaho, in and for the County of Bingham, PETER G. JOHNSON, N. H. THORSTENBERG and F. M. FISHER, Defendants.

[220 Pac. 411.]

WRIT OF PROHIBITION — PETITION FOR ORGANIZATION OF DRAINAGE DISTRICT — WITHDRAWAL OF NAMES — CONFIRMATION OF REPORT OF DRAINAGE COMMISSIONERS—JURISDICTION.

1. Original signers of a petition required to initiate proceedings to form a drainage district have a right to withdraw their names from the petition at any time prior to the determination by the court that the petition contains the signatures of the owners of at least one-fifth of the acreage in the proposed district.

2. Prohibition will not lie to prevent the district court from proceeding to hear and determine the confirmation of the report of drainage commissioners because of a lack of jurisdiction of such court, for the reason that the drainage statutes have provided that the question of jurisdiction may be raised on such hearing and must be determined by that court.

Original proceeding. Application for Writ of Prohibition. *Writ denied.*

Rice & Bicknell, M. M. Myers and Hamilton Wright, for Plaintiffs.

A petitioner who signs a petition required by statute for the creation of a drainage district or other similar petition invoking governmental action, judicial or administrative, has the absolute right to withdraw his name at any time before the tribunal created by law to determine the matter has passed on the sufficiency of the petition, unless the right of withdrawal is regulated by statute. (*McQueen v. Moscow,* 28 Ida. 146, 152 Pac. 799; *Territory v. City of Roswell,* 16 N. M. 340, 117 Pac. 846, 35 L. R. A., N. S., 1113; *In re Bernalillo County Drainage Dist. No. 1,* 25 N. M. 171, 179

Pac. 233; *In re Central Drainage Dist.*, 134 Wis. 130, 113 N. W. 675; *Sim v. Rosholt*, 16 N. D. 77, 112 N. W. 50, 11 L. R. A., N. S., 372; *State v. Boyden*, 21 S. D. 6, 15 Ann. Cas. 1122, 108 N. W. 897; *Davis v. Henderson*, 127 Ky. 13, 104 S. W. 1009; *Green v. Smith*, 111 Iowa, 183, 82 N. W. 448; *Mack v. Polecat Drainage Dist.*, 216 Ill. 56, 74 N. E. 691; *Sauntman v. Maxwell*, 154 Ind. 114, 54 N. E. 397; *Hays v. Jones*, 27 Ohio St. 218; *Wilson v. Borough of Collingswood*, 80 N. J. L. 626, 77 Atl. 1033; *State v. Geib*, 66 Minn. 266, 68 N. W. 1081; *Hoffman v. Nelson*, 1 Neb. Unof. 215, 95 N. W. 347; *Perkins v. Henderson*, 68 Miss. 631, 9 So. 897; *Eggleston v. State*, 37 Kan. 426, 15 Pac. 608; *Sedalia v. Montgomery*, 227 Mo. 1, 88 S. W. 1014, 127 S. W. 50; *Newton v. Borough of Emporium*, 225 Pa. 17, 73 Atl. 984; *New Orleans v. Stewart*, 18 La. Ann. 710; *Parish v. Collins*, 43 Wash. 392, 86 Pac. 557; *Webster v. Bridgewater*, 63 N. H. 296; *Irwin v. Mobile*, 57 Ala. 6; *Armstrong v. Beman*, 181 N. C. 11, 105 S. E. 879; *Snedeker v. Sims Special Drainage Dist.*, 124 Ill. App. 380.)

Under our statute it is a jurisdictional requisite to an order declaring a drainage district organized that the district judge at the time of the order acts upon a petition signed by owners of at least one-fifth of the land in the proposed district. (*Richmond v. Board, etc.*, 70 Iowa, 627, 26 N. W. 24.)

Where a petitioner requests that his name be withdrawn before action, the district judge has no power to deny the request. (*Ramsey v. District Court*, 33 Ida. 296, 193 Pac. 733.)

Jas. R. Bothwell, *Amicus Curiae.*

"The withdrawal of signatures from a petition which are required to invoke jurisdiction should be recognized and granted up to the time of the submission of the petition to be acted upon." (*Lippincott v. Carpenter*, 22 Ida. 675, 127 Pac. 557; *State ex rel. Lang v. Furnish County Commrs.*, 48 Mont. 28, 134 Pac. 297, and cases therein cited; *Hawley v. City of Butte*, 53 Mont. 411, 164 Pac. 305.)

Thomas & Anderson and Reddoch & Hunter, for Defendants.

A valid petition having been filed and the court having acted thereon to the extent of hearing all of the testimony in chief on behalf of the petitioners, precludes the right of withdrawal. (19 C. J. 645; 9 R. C. L., sec. 23, pp. 635, 636; *Seibert v. Lowell,* 92 Iowa, 507, 61 N. W. 197; *Patterson v. Mead,* 148 Mich. 659, 112 N. W. 742; *Sim v. Rosholt,* 16 N. D. 77, 112 N. W. 50, 11 L. R. A., N. S., 372; *Sauntman v. Maxwell,* 154 Ind. 114, 54 N. E. 397; C. S., secs. 4495–4498, 4509.)

The right of withdrawal is not absolute after the petition is filed, but is analogous to dismissal and nonsuit and will not be permitted where such dismissal results prejudicially to other petitioners, and this is especially true after the trial is entered upon. (18 C. J. 1152, 1157, 1158; C. S., sec. 6830; *Ingham Lumber Co. v. Ingersoll,* 93 Ark. 447, 20 Ann. Cas. 1002, and note, 125 S. W. 139; *Winslow v. Newlan,* 45 Ill. 145; *Brinckerhoff v. Bostwick,* 99 N. Y. 185, 1 N. E. 663; *Manning v. Mercantile Trust Co.,* 37 Misc. Rep. 215, 75 N. Y. Supp. 168; *Holkirk v. Holkirk,* 4 Madd. 50, 56 Eng. Reprint, 627; *Empire Ranch etc. Co. v. Herrick,* 22 Colo. App. 394, 124 Pac. 748; *Bettis v. Schreiber,* 31 Minn. 331, 17 N. W. 836.)

WM. E. LEE, J.—This is an application for a writ of prohibition against Robert M. Terrell, presiding judge of the sixth judicial district, and the commissioners of said district. The writ is sought to prevent the defendants from proceeding further in the matter of Drainage District No. 1 of Bingham county. The ground upon which the writ is sought is that, although a petition for the organization of said drainage district, signed by the owners of more than one-fifth of the land within the proposed district, was presented to the clerk of the court, before action was taken by the court on the said petition a sufficient number of the petitioners had requested that their names be withdrawn from

the petition to reduce the acreage owned by those whose names remained on the petition to less than one-fifth of the area of the proposed district.

On October 7, 1919, a petition was presented to the clerk of the district court of the sixth judicial district, for Bingham county, under the provisions of chapter 179, title 34, of the Idaho Compiled Statutes, for the organization of a drainage district. The court thereafter fixed November 1, 1919, for the hearing of the petition, and notice of said hearing was thereupon given; on November 1, 1919, the court continued the hearing on the petition until January 2, 1920, and on that day certain testimony was taken and the hearing was again continued until January 22, 1920. On January 22, 1920, certain persons who had signed the petition appeared and filed affidavits in which they prayed that they be permitted to withdraw their names from the petition. The court permitted certain of the petitioners to withdraw their names, but denied the request of the remainder of those who had filed their affidavits seeking to withdraw their names from the said petition. Thereafter, an order was entered declaring the drainage district duly organized. It is provided by C. S., sec. 4498, that this order had the effect of a *lis pendens.*

It seems to be admitted that the number of acres owned by those who sought to withdraw their names from the petition, when subtracted from the number of acres owned by all those who signed the petition, reduced the number of acres owned by the signers of the petition who did not seek to withdraw their names therefrom to less than one-fifth of the total acreage within the proposed district. It is contended by the plaintiffs that those who sought to withdraw their names from the original petition had an absolute right to do so at any time before the court had passed upon the question of the sufficiency of the petition. The defendants take the position that such right of withdrawal under the drainage statutes of this state is absolute up to the time of the filing of the petition but not afterwards, and that withdrawal from

the petition after the same had been filed could not be had as a matter of right.

This court said, in *Olden v. Paxton,* 27 Ida. 597, 150 Pac. 40, in the syllabus:

"Before a writ of prohibition will lie, two contingencies must arise: first, that the tribunal, corporation, board or person is proceeding without or in excess of its jurisdiction; second, that there is not a plain, speedy and adequate remedy in the ordinary course of law."

In order, therefore, to satisfy the first of the "contingencies" mentioned in *Olden v. Paxton, supra,* it is necessary to determine whether or not, in the absence of an express statute, one who signs a petition to create a drainage district has an absolute right to withdraw his consent to the formation and creation of the drainage district at any time during the hearing to determine the matter of the sufficiency of the petition for the organization of the district.

The decision of this court in *McQueen v. Moscow,* 28 Ida. 146, 152 Pac. 799, would seem to be authority for the determination of this question. The petition in that case was for the establishment of an improvement district and for the assessment of the cost of the improvement of street intersections against the property of the district in proportion to benefits, etc. The law in such case provides that the cost of improving intersections shall be paid by the city, but that the council "may, in its discretion," assess the cost of the improvement of intersections upon and against the property in the district, when the same is requested by a petition signed by seventy per centum of the resident owners of property within the district. In that case, therefore, the council, in addition to determining the sufficiency of the number of signers to the petition, had discretion to determine whether or not it would order the improvement made and whether it would assess the cost of the improvement of intersections against the property benefited. Certain of the original petitioners sought to withdraw, and this court said that "they had the right to withdraw their names from the petition at any time before the council passed the ordinance

of intention, but not afterward." The passage of the ordinance of intention in that case was the first official act of the council in determining the sufficiency of the petition. Upon the authority of *McQueen v. Moscow, supra,* we therefore hold that the signers of the petition required by law to initiate proceedings to form a drainage district have a right to withdraw their names from the petition at any time prior to the determination by the court that the petition contains the signatures of the owners of one-fifth of the acreage in the proposed district. While there are decisions to the contrary, there are many decisions sustaining this view.

In the case of *In re Bernalillo County Drainage Dist. No. 1,* 25 N. M. 171, 179 Pac. 233, the court said:

"Where a petition of a prescribed number of real estate owners is required to initiate proceedings for the formation of a drainage district, any person signing the petition has the right to withdraw his name at any time before the district court, it being the agency created by law to determine the matter submitted by the petition, has finally acted upon the petition, and has determined that the petition is signed by the number required to create the drainage district."

See, also: *In re Central Drainage Dist. et al.,* 134 Wis. 130, 113 N. W. 675; *Mack v. Polecat Drainage Dist.,* 216 Ill. 56, 74 N. E. 691.

The application of certain of the petitioners to withdraw their names from the petition was made during the progress of the hearing upon the petition, prior to any order provided by the drainage statutes for the determination of the sufficiency of the petition, in any respect. It follows that the withdrawal should have been allowed.

Even though the court is proceeding without or in excess of its jurisdiction, under the rule announced in *Olden v. Paxton, supra,* prohibition will not lie if there is a plain, speedy and adequate remedy in the ordinary course of law. This court held in *In re Drainage Dist. No. 1 of Ada County et al.,* 30 Ida. 351, 164 Pac. 1018, a case on appeal to this court from an order of the district court declaring a proposed drainage district duly organized, that no appeal lies

from such order, it not being a final order. This court further said in that case that the questions therein raised could be heard by this court on appeal from the order confirming the report of the commissioners.

While, therefore, it appears that the questions sought to be raised in this proceeding can finally be raised on an appeal, it is not necessary to determine whether such remedy is adequate in view of certain provisions of the drainage law. C. S., sec. 4510, provides that the commissioners shall make a report to the court of their findings, and if they report that the cost of the work will be less than the increase in value accruing to the land on account of the drainage, the court shall then make and enter an order fixing a time and place when and where all persons interested may appear and contest the confirmation, and that notice shall be given of the time and place of the hearing. C. S., sec. 4511, provides that any person affected by the proposed work may appear and set forth his objections, " . . . . whether they go to the jurisdiction of the commissioners or the court or not . . . . " C. S., sec. 4512, provides that, upon the hearing, such objections shall be heard and determined.

While, for obvious reasons, it would always seem proper to question the jurisdiction of any tribunal in an early stage of a proceeding, C. S., secs. 4511 and 4512, furnish the first opportunity in the entire plan of the organization of drainage districts that the law has specifically provided for making an objection to the jurisdiction of the court and for the determination of such question. The hearing on the report of the commissioners is the second occasion when proceedings for the organization of a drainage district are brought on for a hearing. In the first hearing, the objections to be heard are expressly limited, and the objection to the jurisdiction of the court is not one of the things included in the limitation. In this, the second hearing, the law provides that the court shall determine its jurisdiction in the premises, if its jurisdiction be questioned.

The court below, at the time of suing out this alternative writ, had set a time for hearing the report of the commis-

sioners, in which hearing the jurisdiction of that court can be raised and determined. Plaintiffs have a remedy in the district court, and while such remedy may not be preferable to the one they seek here, it would not seem appropriate for this court to prohibit the lower court from proceeding with the matter and passing upon its jurisdiction, since the law specifically provides that this question may be raised in that court, and that that court shall rule thereon.

The writ of prohibition is not a remedy in the ordinary course of law, but is an extraordinary remedy. It is what is known as a prerogative writ and is issued not as a matter of right, but in the sound discretion of the court. (High on Extraordinary Legal Remedies, 2d ed., sec. 765, p. 606.)

The alternative writ heretofore issued is quashed, and the writ denied.

Budge, C. J., and McCarthy and Dunn, JJ., concur.

Justice William A. Lee, deeming himself disqualified, did not sit at the hearing of this case nor participate in the opinion.