(No. 5625. December 20, 1930.)

THOMAS W. COLE, Appellant and Cross-Respondent, v. CITY OF LEWISTON, a Municipal Corporation, et al., Respondents and Cross-Appellants.

[295 Pac. 430.]

Tannahill & Leeper, R. E. Durham and George E. Erb, for Appellant and Cross-respondent.

Verner R. Clements and Marcus J. Ware, for Respondents and Cross-appellants.

Hawley & Worthwine, *Amici Curiae.*

GIVENS, C. J.—The City of Lewiston under its special charter, 1907 Sess. Laws, 349, initiated a paving improvement district, the expenses to be a charge against the property included within such improvement district.

The controversy herein, resulting from the opposition of certain taxpayers, involves only the question of how many property owners there were in such district, the validity of certain remonstrances and withdrawals of remonstrances, and the time when remonstrances or withdrawals might be filed with, and considered by the city council.

In compliance with sections 172–200 of the special charter, the date before which remonstrances had to be filed was fixed as 10 o'clock A. M. September 16, 1929. At that time, as it was afterward determined by the council, and the trial court upon appeal found upon sufficient evidence, thus disposing of this phase of the controversy, there were ninety-seven property owners within the territory of the proposed improvement district.

The appellant contends that there should have been counted as valid, the remonstrances filed by Arthur E. Clarke, as executor of the estates of J. P. Vollmer and S. E. Vollmer, respectively; five escrow vendees; two remonstrances filed by S. O. Tannahill as agent for the estates of Clara H. Kilham and Anna L. Brannon, respectively; and John Applewhite as the attorney or agent of F. W. Webster; and that the withdrawal of Mrs. C. W. Schaff from her previously filed remonstrance should not have been considered.

All of the withdrawals or remonstrances specified were on file prior to 10 o'clock A. M. September 16, 1929. At that time when the council met, the meeting was adjourned until 7:30 that evening, at which time two additional remonstrances had been filed, one by the Lutheran Church, and one by Dave C. Harvey. Four withdrawals had been filed by Iva S. Morton, W. E. Thayer, Franklin Grant and Wayne H. Carpenter.

Appellant takes the position that these withdrawals should not be considered because filed too late, but that the remonstrances should have been considered. The city inclines to the opposite view.

The charter, section 170, provides that if more than one-half of the owners of property remonstrate, the improvement may not be made. To organize the district no petition is necessary. The only action contemplated on the part of the property owners is thus of a negative nature, and is to prevent the formation of the district.

A. E. Clarke was the only executor of the two Vollmer estates in this state, C. S., 7481, and by agreement of the other executor and the heirs and devisees he had the sole management and control of the estates, which justified the trial court in considering him as qualified to sign a remonstrance as property owner.

*McQueen v. City of Moscow*, 28 Ida. 146, 156, 152 Pac. 799, holds that a vendee under a contract for the sale of realty may sign a petition for a municipal improvement if the vendor has not signed it. In spite of respondent's ingenious argument, this holding is controlling herein and there is the additional justification for such holding that under the terms of the escrow agreements herein, the vendees were obligated to pay for any charges, of the kind these special improvement taxes were, which might be made against the property. What the situation would be if the vendee had signed a protest and the vendor affirmatively opposed it, we need not, and do not consider. The court was justified in counting the remonstrances filed by these escrow vendees.

Appellant contends that Mrs. Schaff's withdrawal was not sufficient or explicit. It should be kept in mind

that no petition is necessary to organize the district, silence amounting to acquiescence. Mrs. Schaff's statement that she desired "to be neutral" therefore had the effect of withdrawing her protest.

■ With regard to the agency of Mr. Tannahill, for the estate of Clara H. Kilham, and Mr. Applewhite, for the guardian of F. W. Webster, the oral testimony justified the court in finding that they did not have sufficient authority to sign as agents for the respective parties they purported to represent (*Thorn v. West Chicago Park Com.*, 130 Ill. 594, 22 N. E. 520; *Findley-Kehl Inv. Co. v. O'Connor*, (Mo.) 256 S. W. 798), and under the well-known rule such findings will not be disturbed.

It thus appears that at 10 o'clock A. M. September 16, 1929, there were in the district ninety-seven property owners, and forty-seven valid remonstrances on file. Thus there were not "on or before the date of the meeting" more than one-half of the property owners who had remonstrated.

■ It is unnecessary to decide whether remonstrances or withdrawals might be filed after the date set for the hearing, namely 10 o'clock A. M. September 16, 1929, because a protest of a property owner may be withdrawn so long as the right to protest is open. (*Salt Lake Ry. Co. v. Payson City*, 66 Utah, 521, 244 Pac. 138; *Mosher v. City of Phoenix*, 25 Ariz. 297, 216 Pac. 242; *City of Valdosta v. Harris*, 156 Ga. 490, 119 S. E. 625.) Hence if the withdrawals and protests filed after 10 o'clock A. M. September 16, 1929, be both counted or not counted, the result would not be changed.

This conclusion likewise renders it unnecessary to discuss the specific withdrawal of Wayne Carpenter, and the court was justified in affirming the action of the city council in organizing the improvement district.

Judgment is *affirmed.* Costs to respondent.

Budge, Lee, and Varian, JJ., and Featherstone, D. J., concur.

McNaughton, J., was disqualified.

Petition for rehearing denied.