(March 16, 1901.)

## RUST v. STEWART, JUDGE.

[64 Pac. 222.]

PROHIBITION—DOES NOT LIE WHEN A PLAIN, SPEEDY AND ADEQUATE REMEDY EXISTS—WILL NOT ISSUE TO RESTRAIN A DISTRICT COURT EXCEPT IN EXCEPTIONAL CASES.—The writ of prohibition is an extraordinary remedy which issues, not as a matter of right, but in the sound discretion of the court. Prohibition may issue to restrain an inferior tribunal from exceeding its jurisdiction, but does not lie when a plain, speedy, and adequate remedy, in the ordinary course of law exists. The peremptory writ of prohibition will not issue to restrain a district court from proceeding in a certain manner in a proceeding before it, where it is apparent that the action of such district court can be reviewed speedily in one of the modes prescribed by law.

(Syllabus by the court.)

An original proceeding to obtain a writ of prohibition.

Martin & McElroy, for Plaintiffs.

The jurisdiction of the district court is limited to a review of the proceedings before the commissioners, and that the court

has no jurisdiction on appeal to try the cause anew. (16 Ency. of Pl. & Pr. 1123, and cases cited.) The author says: "When the jurisdiction of an inferior court is derived from a statute prescribing the manner of procedure in an action, it may be prevented by the writ of prohibition from departing from the manner prescribed." (*Anderson v. Superior Court,* 122 Cal. 216, 54 Pac. 829.) This is a special prceeding for the purpose of fixing a water rate primarily for the irrigation season of the year 1901. Either party may again have it fixed for the succeeding year. The law authorizing this proceeding is found in Session Laws of 1899, pages 384 and 385, sections 26 to 29, inclusive. The authorities are numerous to the effect that the right to appeal or for writ of *certiorari* is not a speedy or adequate remedy in cases of this character. (*Anderson v. Superior Court,* 122 Cal. 216, 54 Pac. 829; *Kirby v. Superior Court,* 68 Cal. 604, 10 Pac. 119; *Havemeyer v. Superior Court,* 84 Cal. 327, 18 Am. St. Rep. 192, 24 Pac. 121; *Sweet v. Hulbert,* 51 Barb. (N. Y.) 315; *People v. Nichols,* 18 Hun, 538; *Connecticut River R. Co. v. Franklin Co.,* 127 Mass. 50, 34 Am. Rep. 338.) An appeal is inadequate when the trial on appeal is *de novo.* (*State v. Allen,* 45 Mo. App. 551; 16 Ency. of Pl. & Pr. 1131.)

W. E. Borah and John J. Blake, for Defendant.

It was never the intention or meaning, either of the common law or of the statute, that writs of prohibition or *habeas corpus* should take the place of appeals. The adequacy of a remedy is not to be tested by the convenience or inconvenience of the parties to a particular case. If such a rule were to obtain, the law of appeals might as well be abrogated at once. (*Willman v. Court,* 4 Idaho, 11, 35 Pac. 692; *Agassiz v. Court,* 90 Cal. 101, 27 Pac. 50.) In the case below, the petitioner was testing the jurisdiction of the police court by the writ, but it was said: "If the petitioner should be convicted in the police court, he will have a plain, speedy and adequate remedy at law by an appeal to the superior court." (*Strouse v. Police Court,* 85 Cal. 49, 24 Pac. 747; *State v. Jones,* 2 Wash. 662, 26 Am. St. Rep. 897, 27 Pac. 452; *State v. Court,* 21

Wash. 631, 59 Pac. 505; *Mines etc. v. Court,* 91 Cal. 101, 27
Pac. 532; *People v. Hills,* 5 Utah, 410, 16 Pac. 405; *Mancello
v. Belrude* (Cal.), 11 Pac. 501; *Witcher v. Walkins,* 11 Colo.
548, 19 Pac. 541; *Walker v. Court* (Ariz.), 35 Pac. 982.)
There can be no question but that, under the general law of
the state, upon an appeal being taken, the parties would be en-
titled to a trial anew. (Sess. Laws, 1895, p. 50; *Fisher v.
Commissioners,* 4 Idaho, 381, 39 Pac. 552.) There was in-
volved a provision of the irrigation district law of California,
wherein it was provided that the motion for a new trial must
be made on the minutes of the courts in such matters, thereby
excluding the right to make it upon a statement or bill of ex-
ceptions, and it was held that this provision of the law was void.
(*Cullen v. Glendora Water Co.,* 113 Cal. 503, 39 Pac. 769, 45
Pac. 822, 1047; *City v. Hevren,* 126 Cal. 226, 58 Pac. 530;
*Dawson v. Eustace,* 148 Ill. 346, 36 N. E. 87; *Chicago R. Co.
v. Minnesota,* 134 U. S. 418, 10 Sup. Ct. Rep. 462, 702.) We
claim, also, that, under our constitution and laws, the fixing
of rates involves a judicial investigation. The legislature can-
not, as has been held by our supreme court, fix the rates; it
can only prescribe the manner of having the rate fixed. In
other words, both the canal company and the consumers are
entitled at some time to a judicial investigation. (*Wilson v.
Perrault,* 6 Idaho. 178, 54 Pac. 617; *Wilterding v. Green,* 4
Idaho, 773, 45 Pac. 134.)

QUARLES, C. J.—This is an original proceeding to obtain
a writ of prohibition restraining the district court of the third
judicial district sitting in and for Ada county, from proceed-
ing to hear and determine, *de novo,* an appeal from an order
made by the board of commissioners of Ada county, sitting as a
board of water commissioners, fixing a maximum rate of com-
pensation for water to be delivered during the year 1901 by
the Boise City Irrigation and Land Company to the petitioners.
From the petition it appears that the district court is about to
and will hear and determine said appeal *de novo,* and will do so
unless restrained by the process of this court, contrary, as
claimed by the petitioners, to the provisions of the act of Feb-
ruary 25, 1899, relating to the appropriation, use, and rental

of waters. (See Acts 1899, pp. 380-387, inclusive.) Section 29 of said act contains the following proviso, to wit: "Provided, that an appeal or writ of error shall be in behalf of the proprietor of such works, or any person using or claiming to be entitled to use water therefrom, for review in the district court." It appears from the petition that a large number of persons using water from the canal of said Boise City Irrigation and Land Company petitioned the board aforesaid to fix the rate of compensation for water to be furnished by said company to said users for the year 1901, and that after notice and hearing the said board made an order fixing the said rate of compensation for the year 1901, from which order the said irrigation company appealed to the district court, and that said court had held and determined that said appeal should be tried *de novo,* and had made an order setting said proceeding, brought before it by said appeal, for hearing *de novo.*

The writ of prohibition is an extraordinary remedy, which is sometimes granted, not as matter of right, but in the sound discretion of the court, to restrain an inferior tribunal from exceeding its jurisdiction. Being an extraordinary writ, it should not issue in doubtful cases, nor in any case where a plain, speedy, and adequate remedy in the ordinary course of law exists. In this case it appears that a hearing of the said appeal will be speedily had in the district court. This court will be in session, in regular term, in May next. The action of the district court may be reviewed in this court in the ordinary course of law, as it is evident that under the provisions of our state constitution, the provisions of our code, and former rulings of this court, the decision of the district court in any and all cases may be reviewed in this court. If an appeal is not authorized, then a writ of error or *certiorari* will lie.

We cannot hold in this proceeding that the district court has no jurisdiction, as the statutes under consideration expressly provide for an appeal or writ of error to the district court, nor can we presume, in advance of the action of the district court, that it will exceed its jurisdiction; for which reason, and the further reason that an adequate remedy exists to bring the decision of the district court before this court for review, we

think that the alternative writ heretofore issued should be discharged, and the peremptory writ demanded should be denied; and it is so ordered.    Costs awarded to the defendant.

Sullivan and Stockslager, JJ., concur.