(July 10, 1916.)

## MARGARET SKEEN and LAFAYETTE SKEEN, Plaintiffs, v. THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT FOR BANNOCK COUNTY, and J. J. GUHEEN, Judge of Said Court, Defendants.

[158 Pac. 1072.]

PROHIBITION — FORECLOSURE OF CHATTEL MORTGAGE — APPOINTMENT OF RECEIVER—RECEIVER'S SALE.

1. Sec. 4994, Rev. Codes, which provides: "The writ of prohibition . . . . arrests the proceedings of any tribunal, corporation, board or person when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person," limits our inquiry in this case to a determination of whether or not the district court is acting within the jurisdiction conferred upon it by law.

2. *Held*, that the district court had jurisdiction of the parties and of the subject matter in a suit to foreclose a chattel mortgage, and did not exceed its jurisdiction in appointing a receiver and in ordering a sale of the mortgaged property.

[As to when it is proper for court to appoint receiver, see note in 72 Am. St. 29.]

Original application for a writ of prohibition. Demurrer to petition sustained and alternative writ quashed.

J. B. Hall and Maurice M. Myers, for Plaintiffs.

The court had no jurisdiction to order a receivership for the reason that the complaint was not an affidavit of any evidential value, the verification thereof, even though in the present statutory form, being insufficient to make the same evidence of any facts whatever.

"A bill verified upon information and belief is held to afford no evidence upon which alone to predicate an order appointing a receiver." (34 Cyc. 134.)

"Allegations of mere belief in the facts are not sufficient. The petition or application must be verified in positive terms." (Anderson on Receivers, sec. 113; *Siegmund v.*

*Ascher*, 37 Ill. App. 122; High on Receivers, 4th ed., sec. 89; *Grandin v. La Bar*, 2 N. D. 206, 50 N. W. 151; *Burgess v. Martin*, 111 Ala. 656, 20 So. 506; *Pollard v. Southern Fertilizer Co.*, 122 Ala. 409, 25 So. 169; *Smith-Dimmick Lumber Co. v. Teague*, 119 Ala. 385, 24 So. 4; *Schilcer v. Brock*, 124 Ala. 626, 27 So. 473; *Benepe-Owenhouse Co. v. Scheidegger*, 32 Mont. 424, 80 Pac. 1024.)

The court had no jurisdiction to order a receivership without notice, for the reason that there was no showing before the court of a necessity for such immediate appointment. (34 Cyc. 117; *Hobson v. Pacific States Mercantile Co.*, 5 Cal. App. 94, 89 Pac. 866; *Fischer v. Superior Court*, 110 Cal. 129, 42 Pac. 561; *Larsen v. Winder*, 14 Wash. 109, 53 Am. St. 864, 44 Pac. 123; *Buckley v. Baldwin*, 69 Miss. 804, 13 So. 851.)

I. E. McDougall and McDougall & Jones, for Defendants.

It is universally the usages of courts of equity in the exercise of judicial discretion to appoint a receiver to take charge of the personal property on foreclosure of mortgages under circumstances such as alleged in this complaint. (27 Cyc. 1622; *Keane v. Kibble*, 28 Ida. 274, 154 Pac. 972.)

A receiver will be appointed to prevent an unlawful disposal of the property or its removal out of the jurisdiction. (34 Cyc. 68; *Jones v. Quayle*, 3 Ida. 640, 32 Pac. 1134.)

This court had before it the identical question in the case of *Utah Assn. of Credit Men v. Budge*, 16 Ida. 751, 754, 102 Pac. 390, 691.

The petition does not show the facts necessary to entitle the petitioner to a writ, and, therefore, the writ should be denied. (*In re Francis*, 7 Ida. 98, 60 Pac. 561.) A writ of prohibition cannot be issued as a writ of error to determine a question of fact which was for the trial court to determine, but only determine whether the superior court is proceeding in excess of its jurisdiction. (*Conlan v. Superior Court*, 12 Cal. App. 420, 107 Pac. 577; *Dakan v. Superior Court*, 2 Cal. App. 52, 82 Pac. 1129; *Estate v. Superior Court*, 45 Wash. 248, 88 Pac. 207; *State ex rel. Lyon v. Police Court*, 53 Wash. 361, 101 Pac. 1082.) The object of the writ of prohibition

is to prevent the exercise of jurisdiction by an inferior court with which it has not been vested by law, not to correct errors in practice or proceedings. (*State v. Ausherman,* 11 Wyo. 410, 72 Pac. 200, 73 Pac. 548; *People v. District Court,* 29 Colo. 83, 66 Pac. 1068; *In re Miller,* 4 Ida. 711, 43 Pac. 870; *Rust v. Stewart,* 7 Ida. 558, 64 Pac. 222.)

MORGAN, J.—On March 10, 1916, Evans State Bank filed its complaint in the district court of the fifth judicial district, in and for Power county for the foreclosure of two mortgages, one conveying real estate and the other personal property, executed by the above-named plaintiffs in order to secure the payment to the bank, by themselves, of a promissory note for $5,000, on which, it appears, there was due and unpaid the sum of $4,564, together with interest at the rate of twelve per cent per annum from October 25, 1915. The personal property described in the chattel mortgage consists of livestock, farm machinery and agricultural implements, owned and held in Power county, and it is alleged in the complaint in the foreclosure case that the defendants therein, Margaret Skeen and Lafayette Skeen, are wholly insolvent and unable to pay any deficiency that may remain after the sale of the mortgaged property; that they have sold a portion of the mortgaged chattels without the knowledge or consent of the bank and have appropriated the proceeds of the sale to themselves and have not accounted therefor; that the personal property described in the mortgage, if left in the hands of the defendants, Skeen and Skeen, is in danger of being lost, removed and materially injured, and that there is a prior mortgage upon the real estate in favor of the Union Central Life Insurance Company to secure the payment of $7,000, which is wholly and completely unsatisfied and is prior to the lien of the mortgage of Evans State Bank, and that the property mortgaged to the bank will be insufficient to discharge the debt due to it if it is not all sold and applied thereto. The plaintiff in the foreclosure suit asked that a receiver be appointed and on March 13, 1916, the defendant herein, Honorable J. J. Guheen, Judge of the district court,

without notice to the defendants in the foreclosure suit, made
an order appointing a receiver to take charge of the personal
property described in the mortgage, and therein provided
that such order and appointment should become effective
upon the receiver filing with the court his oath of office and
a bond in the sum of $5,000, conditioned upon the faithful
performance of his duties. It appears that thereafter the
receiver qualified by giving the bond and filing his oath of
office, and that he took into his possession such of the per-
sonal property described in the chattel mortgage as could
be found; that thereafter a motion was made to vacate and
set aside the receivership, which was heard by the district
judge upon oral and documentary evidence and was denied,
and that an order was made and entered in the district court
that the receiver proceed to sell the mortgaged property in
his possession.

This is an original action commenced in this court to pro-
cure the issuance of a writ of prohibition directed to the de-
fendants, the district court and Honorable J. J. Guheen,
Judge thereof, commanding them and each of them to desist
from taking, or causing or permitting to be taken, any fur-
ther proceedings under the order appointing the receiver and
adjudging that said order be null and void for want of juris-
diction of the defendants to make it. This court issued an
alternative writ of prohibition and the defendants have de-
murred to plaintiffs' petition and have moved to quash the
writ.

Counsel for plaintiffs insist that the district court and the
judge thereof were without jurisdiction to make the order
appointing the receiver, for the reason that there was no
affidavit filed showing the necessity therefor; that while the
complaint is in positive terms and is verified by the cashier
of the bank in conformity to the provisions of our statute,
the verification contains the recitation that the allegations
contained in the complaint are true as he verily believes, and
does not state that he knows them to be true.

It is insisted that a complaint so verified cannot take the
place of an affidavit to prove the necessity for a receiver-

ship, and that the action of the district court in appointing a receiver is not supported by any evidence.

We have examined the complaint in the foreclosure suit and find it to be sufficient as a pleading. Whether or not it possesses any evidential value is a question which might become important in another form of action than this, but which we do not deem it necessary to decide in disposing of this case.

Sec. 4994, Rev. Codes, which provides: "The writ of prohibition . . . . arrests the proceedings of any tribunal, corporation, board or person when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person," limits our present inquiry to a determination of whether or not the district court is acting within the jurisdiction conferred upon it by law.

This court held in *Olden v. Paxton,* 27 Ida. 597, 150 Pac. 40, that "before a writ of prohibtion will lie, two contingencies must arise; first, that the tribunal, corporation, board or person is proceeding without or in excess of its jurisdiction; second, that there is not a plain, speedy and adequate remedy in the ordinary course of law." (See, also, *Dakan v. Superior Court,* 2 Cal. App. 52, 82 Pac. 1129; *Board of Home Missions v. Maughan,* 35 Utah, 516, 101 Pac. 581, 24 L. R. A., N. S., 874; *State ex rel. Lyon v. Police Court,* 53 Wash. 361, 101 Pac. 1082; *Conlan v. Superior Court,* 12 Cal. App. 420, 107 Pac. 577; *Rust v. Stewart,* 7 Ida. 558, 64 Pac. 222; *Utah Assn. of Credit Men v. Budge,* 16 Ida. 751, 102 Pac. 390, 691.)

General original jurisdiction is conferred upon district courts by sec. 20, art. 5, of the constitution, wherein it is provided: "The district court shall have original jurisdiction in all cases, both at law and in equity. . . . . " Authority to entertain suits to foreclose chattel mortgages is provided in sec. 3412, Rev. Codes, as follows: "Any mortgage of personal property, when the debt to secure which the mortgage was given is due, . . . . may be foreclosed by action in the district court having jurisdiction in the county in which the property is situated."

Sec. 4329, Rev. Codes, as amended by Sess. Laws 1909, p. 26, expressly confers jurisdiction upon district courts to appoint receivers in mortgage foreclosure cases in the following language: "A receiver may be appointed by the court in which an action is pending or has passed to judgment, or by the judge thereof: . . . . 2. In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, where it appears that the mortgaged property is in danger of being lost, removed or materially injured; or that the condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt." (*Keane v. Kibble,* 28 Ida. 274, 154 Pac. 972.)

It is further contended that the district court exceeded its jurisdiction in ordering the receivership without notice, because there was no showing of necessity for such action; also in appointing the receiver, because it appears from the complaint that the chattel mortgage was not the primary security for the payment of the debt, but that the primary security consisted of a mortgage upon a large amount of real property and that such security had not been exhausted; also in maintaining and continuing the receivership when, at the hearing of the motion of plaintiffs herein to vacate it and set it aside, it was shown that the plaintiff in the foreclosure suit had security upon approximately $30,000 worth of real property by a mortgage which was subsequent and subject to a first mortgage given to secure about $7,650, and that it also had a chattel mortgage upon approximately $6,000 worth of personal property to secure the payment of its claim of $4,564.

What we have heretofore said about the scope and purpose of the writ of prohibition disposes of these contentions. The district court had jurisdiction of the parties and of the subject matter in the foreclosure suit, and did not exceed its jurisdiction in appointing the receiver and in ordering the sale, but proceeded under authority expressly conferred by law. If it committed errors they cannot be corrected in this form of action.

The demurrer to the petition is sustained and the motion to quash the alternative writ of prohibition heretofore issued is granted.   Costs are awarded to defendants.

Sullivan, C. J., concurs.

Budge, J., did not sit at the hearing of this case and took no part in the decision.