(February 11, 1918.)

ANDREW LITTLE, Plaintiff, v. C. O. BROXON, State Insurance Manager, Defendant.

[170 Pac. 918.]

WRIT OF PROHIBITION.

Where a plain, speedy and adequate remedy at law exists, the writ of prohibition is not available.

[As to when a writ of prohibition lies, see notes in 12 Am. Dec. 604; 18 Am. Dec. 238; 111 Am. St. 929.]

APPLICATION for writ of prohibition.

Demurrer to petition sustained, alternative writ quashed and peremptory writ denied.

A. A. Fraser, for Plaintiff.

T. A. Walters, Attorney General, and A. C. Hindman, Assistant, for Defendant.

William Healy and J. H. Peterson, *Amici Curiae.*

Counsel cite no authorities on point decided.

MORGAN, J.—This proceeding was commenced for the purpose of procuring a writ prohibiting defendant, who is state insurance manager, from enforcing, as against plaintiff, who alleges he is an agriculturist engaged in the business of farming and stock-raising, the provisions of chap. 81, Sess.

Laws 1917, p. 252, commonly known as the Workmen's Compensation Act.

Plaintiff contends the act expressly exempts those who are engaged in agricultural pursuits from the necessity of insuring their employees, and that his workmen, who are herders and camp-tenders, are not included within its provisions. He alleges in his petition, among other things, that defendant, as insurance manager, has demanded of him that he procure insurance, as required by the act above cited, for the benefit of his employees, and has threatened to, and will, commence an action for the purpose of collecting a penalty from him, and will enjoin him from carrying on his business, in the event of his failure so to do.

The defendant demurred to the petition upon the ground among others, that it does not state facts sufficient to entitle plaintiff to the relief asked for. The cause has been heard upon the petition and demurrer.

This court has repeatedly held that neither the writ of prohibition nor mandate, of which it is the counterpart (sec. 4994, Rev. Codes), is available where a plain, speedy and adequate remedy at law exists. Among the more recent cases to that effect are *Olden v. Paxton*, 27 Ida. 597, 150 Pac. 40; *Lewis v. Mt. Home Co-op. Irr. Co.*, 28 Ida. 682, 156 Pac. 419; *Fraser v. Davis*, 29 Ida. 70, 156 Pac. 913, 158 Pac. 233; *New First Nat. Bank v. City of Weiser*, 30 Ida. 15, 166 Pac. 213; *St. Michael's Monastery v. Steele*, 30 Ida. 609, 167 Pac. 349.

It is apparent that the questions here sought to be litigated may properly be determined in either of the actions which plaintiff desires, by this proceeding, to prohibit defendant from commencing against him. Should either of the actions threatened be commenced, plaintiff's remedy, if he is exempt from the operation of the act, will be plain, speedy and adequate. If no action is commenced, no remedy is necessary. This proceeding cannot, therefore, be maintained.

The demurrer is sustained, the alternative writ of prohibition heretofore issued is quashed and the peremptory writ denied. Costs are awarded to defendant.

Budge, C. J., and Rice, J., concur.