(No. 5838.   March 12, 1932.)

STATE ex rel. BANK OF EAGLE, a Corporation, in Behalf of Itself, Its Shareholders, and All Other Banks Similarly Situated, Plaintiff, v. ROY D. LEONARDSON, as Assessor of Ada County, Idaho, and CHARLES A. RIDDLE et al., as Members of the Board of County Commissioners of Ada County, Idaho, and as Such Members of the Board of Equalization of Said County, Defendants.

[9 Pac. (2d) 1028.]

Dean Driscoll, for Plaintiff.

648

Carl A. Burke, for Defendants.

KOELSCH, D. J.—This is a special proceeding, initiated in this court, for a writ of prohibition directed to the assessor of Ada county, and to the members of the board of commissioners in their capacity as members of the board of equalization of said county. The specific relief asked is that such officers be restrained from assessing, levying or equalizing any tax on the shares of capital stock of the plaintiff Bank of Eagle, a state bank situate in said county, for the year 1931.

The allegations of the plaintiff's affidavit, which reflect the contention of the plaintiff, may be summarized thus:

That on the second Monday in January, 1931, there were forty-one national banks in the state of Idaho; that the shares of capital stock of said banks, though owned by citizens and residents of the state, are not, and by reason of the law of this state, cannot be assessed or taxed.

That at the same time there were large amounts of moneyed capital in the state in substantial competition with the business of all of said banks, and large amounts of money invested in shares of the capital stock of corporations

engaged in and carrying on business of the same class and character as that of the said banks, all of which capital was or is exempt from taxation either by specific provisions of the statutes, or by the intentional and systematic action of the assessors of the various counties of the state.

And finally it is alleged that by specific provisions of the statutes, stock of building and loan corporations or associations, and dues and credits secured by mortgage, trust deed or other lien, are likewise exempt from taxation.

Stated in a more summary way the plaintiff herein contends that to assess its shares of stock would be discriminatory and unlawful for the following reasons:

1. Because the shares of stock of national banks in this state, which shares are the same kind or class of property, are not assessed.

2. Because the shares of stock of other corporations engaged in the same kind of business as are banks are not assessed.

3. Because the shares of building and loan corporations, and credits secured by mortgage, trust deed or other liens are by statute specifically exempted from taxation.

4. Because other large amounts of capital within this state and employed therein in substantial competition with banks, are not assessed.

By reason of the facts so alleged, the plaintiff contends that the statutes, C. S., sec. 3297, as amended by 1927 Sess. Laws, chap. 84, and the succeeding sections of the Compiled Statutes, to and including sec. 3303, are discriminatory, unconstitutional and void, in that the assessments made thereunder are not in conformity with sec. 2 of article 7 of the Constitution of this state, nor with sec. 5 of the same article; that said statutes operate as special laws, in violation of sec. 19 of article 3 of the state Constitution, and that the same deprive plaintiff of its property without due process of law, in violation of sec. 1 of the fourteenth amendment to the Constitution of the United States, and of sec. 13 of article 1 of the Constitution of this state; and to deny to plaintiff the equal protection of the laws as guaranteed by the provisions of sec. 1 of the

fourteenth amendment to the Constitution of the United States.

To this application of the plaintiff, the defendants have filed their demurrer on the ground that the petition does not state facts sufficient to entitle plaintiff to the relief sought.

Under the Constitution and the statutes of this state, all property within the jurisdiction of the state, not expressly exempted, is subject to assessment and taxation according to its value. (Const., art. 7, sec. 2; C. S., sec. 3096.)

The method and manner of valuing and assessing shares of the capital stock of both national and state banks is provided for by C. S., sec. 3297, as amended by 1927 Sess. Laws, chap. 84. This statute, with but slight modifications, has been the law of this state since, if not before, the adoption of the Revised Statutes of 1887, where it was sec. 1441 of the Political Code.

The question of the lawfulness of the assessment and taxation of the shares of stock of national banks was precipitated by the decision of the federal district court for the state of Idaho, in the case of *Boise City Nat. Bank v. Leonardson,* 37 Fed. (2d) 947, rendered on January 4, 1930 (see also same case, 49 Fed. (2d) 222).

National banks, since their creation, have been held to be instrumentalities of the federal government, and their banks, their property and the shares of their capital stock may only be taxed by the states in which they are located if the Congress consents to such taxation, and then only in the precise manner authorized by such consent. (*Owensboro Nat. Bank v. City of Owensboro,* 173 U. S. 664, 19 Sup. Ct. 537, 43 L. ed. 850; *First Nat. Bank of Hartford v. City of Hartford,* 273 U. S. 548, 59 A. L. R. 1, 47 Sup. Ct. 462, 71 L. ed. 767; *Weiser Nat. Bank v. Jeffreys,* 14 Ida. 659, 95 Pac. 23; *First Nat. Bank v. Washington County,* 17 Ida. 306, 105 Pac. 1053.)

By sec. 5219 of the Revised Statutes of the United States, as now amended by 44 Stat. 223 (12 U. S. C. A., sec. 548), Congress has granted such consent, with the restriction that "In case of a tax on said shares the tax imposed shall not

be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state coming into competition with the business of national banks: Provided, That bonds, notes or other evidence of indebtedness in the hands of individual citizens not employed or engaged in the banking or investment business and representing merely personal investments not made in competition with such business, shall not be deemed moneyed capital within the meaning of this section.''

And in the case of *Boise City Nat. Bank v. Leonardson, supra,* the federal court found that our statutory law providing for the assessment of certain moneyed capital within the state did not comply with the terms of consent annexed to the authority by Congress granted to the states to assess shares of stock of national banks, and upon that ground said court held the tax therein involved void.

But it does not seem to us that that decision can longer be cited as authority, or that the reasoning employed by that court in arriving at its conclusion, can longer obtain, for the tax there involved was levied for the years 1928 and 1929, and under the statutes of this state as they then existed. These statutes since then have been materially changed, and particularly by 1929 Sess. Laws, chap. 201, re-amending C. S., sec. 3099, and by the enactment at the same session of chapter 252.

Section 1 of the latter act specifically includes national banks within the term ''banks'' as used in the act, and defines ''moneyed capital'' as ''shares of capital stock of any bank, building and loan association, surety and fidelity company organized under the laws of the state of Idaho, finance company, and any other competitive capital or any other assets or any capital which has been interpreted, declared and held by the courts to be competitive capital with the invested capital of shareholders of any bank.'' And sec. 2 of the act, directs that ''The shares of capital stock of any bank as defined in this act, and the shares of any other corporation or association or finance company as defined in this act and which are organized under the laws of the state of Idaho shall be assessed, taxed, and the tax collected in

accordance with the provisions of Article 12 of chapter 144 of the Compiled Statutes of Idaho and all acts amendatory thereof, and as herein provided.'' And, lest these provisions be not comprehensive enough, the act further, in sec. 5 thereof, provides that ''Any other moneyed capital within the state of Idaho which is or may be in substantial competition with capital invested in the shares of capital stock of banks, and for which no other provisions have been made for the assessment and collection of taxes thereon, shall be assessed by the assessor in the county of the residence of the ownership of such competitive capital.''

This seems to be all-comprehensive and all-inclusive, and in our judgment this act, and the amendment to sec. 3099 found in chapter 201 of the same session of the legislature, were by the legislature intended to remove the discriminatory provisions of our statutes pointed out by the federal district court in *Boise City Nat. Bank v. Leonardson, supra.* They certainly place the shares of stock in state banks in the same class, as regards taxation, as shares of stock of national banks, and it would seem that they do remove every factor by the federal district court considered as discriminatory in our statutes on the subject of the taxation of moneyed capital, and apparently now make our statutes conform in full with the terms of consent given by the Congress of the United States for the assessing of shares of capital stock of national banks. (Sec. 5219, R. S. U. S., as amended, Tit. 12, U. S. C. A., sec. 548).

But it is contended that the exemption statutes (chap. 201, Sess. Laws 1929) unjustly discriminate against state banks when the shares of capital stock of such banks are assessed in the manner prescribed by C. S., sec. 3297, as amended by 1927 Sess. Laws, and particularly in this, that whereas C. S., sec. 3099, subd. 18, as amended by Sess. Laws 1929, chap. 201, exempts from taxation all dues and credits secured by mortgages, trust deeds or other liens, no such exemption is made where a state bank has invested or loaned part of its capital stock on mortgages, trust deeds or other liens, because the value of such dues and credits so secured is reflected in the value of the shares of its stock;

hence it is claimed that dues and credits secured by mortgages, trust deeds and other liens are exempt when in the hands of anyone other than a bank, and are not exempt when held by such a bank.

It will be noted that subdivision 18 of sec. 3099, as amended by Sess. Laws 1929, chap. 201, exempts from taxation "All dues and credits secured by mortgage, trust deed or other lien *except as otherwise provided by law.*" (The italicized words constitute the amendment of 1929.)

And Sess. Laws 1929, chap. 252, sec. 5, already hereinbefore quoted, provides that "Any other moneyed capital within the state of Idaho which is or may be in substantial competition with capital invested in the shares of capital stock of banks . . . . shall be assessed . . . . ," while the fifth subdivision of sec. 1 of said chapter 252 defines the term "moneyed capital" as "the shares of capital stock of any bank, building and loan association, surety and fidelity company organized under the laws of the state of Idaho, finance company, and any other competitive capital or any other assets or any other capital which has been interpreted, declared and held by the courts to be competitive capital with the invested capital of the shareholders of any bank."

From these statutes it follows that "all dues and credits secured by mortgage, trust deed or other lien," are exempt from taxation "except as otherwise provided by law"; and that it is otherwise provided by law that where such dues and credits, though secured by mortgage, trust deed or other lien, are used in substantial competition with capital invested in shares of capital stock of banks, they are not exempt from taxation. In other words, the statutes clearly provide that money in competition with banks shall be assessed, while "bonds, notes or other evidence of indebtedness in the hands of individual citizens of this state not employed or engaged in the banking or investment business and representing merely personal investments not made in competition which such business shall not be deemed moneyed capital within the meaning of this act," and shall not be assessed.

Clearly this involves no discrimination between capital used in like or similar business; that which is employed in investments and transactions of the same sort as those in which banks engage is treated uniformly and alike; that which is, or represents merely personal investments of the owner not engaged in the banking or investment business, is treated as a separate class. And the fact that the latter is exempt from taxation while the former is not is not in contravention of any constitutional or statutory provision. It involves merely the exercise, undoubtedly from reasons of public policy, by the legislature of its right from time to time to exempt such property as it may deem just, a subject we shall again hereinafter refer to.

Under the law (C. S., sec. 3099, as amended by Sess. Laws 1929, chap. 201), the amount of corporate capital invested in secured dues and credits cannot be deducted from the assessed value of the shares, nor does this constitute an illegal discrimination against the shareholder, even though such dues and credits are not taxed in the hands of individuals not competing with banks. Authority is now practically uniform that the state may levy a tax upon individually owned shares of stock without deducting therefrom the value of tax exempt securities owned by the corporation. (*In re Assessment of First National Bank of Chickasha*, 93 Okl. 233, 57 A. L. R. 890, 220 Pac. 909; see, also, the annotations in 57 A. L. R. 909 and 65 A. L. R. 878.) In the case of an individual, the ownership of the security is immediate, while as to a shareholder there is no ownership of securities owned by the corporation. Not the shareholder, but the corporation, owns the security, the shareholder as such having no dominion over it. A tax upon shares is a tax upon the shareholder's individual property.

Clearly, this makes untenable the contention that subdivision 18 of sec. 3, chap. 201, Sess. Laws 1929, exempting credits secured by mortgage, trust deed or other lien, works a discrimination against banks.

On the argument of this case there was some contention that Sess. Laws 1929, chap. 252, had by this court been

declared unconstitutional and void, in the case of *Utah Mortgage Loan Corp. v. Gillis*, 49 Ida. 676, 290 Pac. 714. Such was not the intention of this court, and a careful reading of the opinion will show that it has not done so. The only part of that statute declared void is section 3 thereof.

The foregoing disposes of all contentions made as to alleged discriminatory statutes, except only the contention that the exemption made by Sess. Laws 1929, chap. 201, sec. 3, subd. 5, being a reamendment of C. S., sec. 3099, and which exempts from taxation the "stock of building and loan corporations or associations organized under the laws of the state of Idaho for the purpose of accumulating the savings and funds of their members and lending the same to their members," is discriminatory. A comparison of this statute with its predecessor as it was contained in 1927 Sess. Laws, chap. 145, sec. 1, subd. 6, which latter was the statute at the time the federal district court rendered its opinion in *Boise City Nat. Bank v. Leonardson, supra,* shows that by the said amendment of 1929 the legislature further refined the classification of building and loan corporations and associations, so as to exempt from taxation the shares of stock of only those building and loan corporations whose "savings and funds" are loaned to "their members" and not generally, as provided in the former statute, to "loan the proceeds on real estate security, or obligation secured by lien, tax or assessment on real property, for the benefit of the members." (1927 Sess. Laws, chap. 145.)

And the fifth paragraph of sec. 1 of chap. 252, 1929 Sess. Laws, describes "moneyed capital" as including "shares of stock of any bank, *building and loan* association . . . . or . . . . other capital which has been interpreted, declared and held by the courts to be competitive capital with the invested capital of the shareholders of any bank." Hence, shares of stock of building and loan associations which in fact are not in competition with the banking business, only are exempt.

Thus, no longer are the shares of stock of all building and loan corporations or associations exempt from taxation, but only those "organized under the laws of the state of

Idaho for the purpose of accumulating the savings and funds of their members and lending the same to their members," and so are not "competitive capital with invested capital of the shareholders of any bank."

That the legislature has authority to so exempt the shares of stock of building and loan associations of that character admits of no doubt, for sec. 5 of art. 7 of the state Constitution specifically empowers the legislature to "allow such exemptions from taxation from time to time as shall seem necessary and just." This authority has been construed to be plenary, and circumscribed only by the condition that its exercise must be reasonable and not arbitrary. (*Williams v. Baldridge*, 48 Ida. 619, 284 Pac. 203, 205; *Achenbach v. Kincaid*, 25 Ida. 768, 140 Pac. 529; *Ex parte Kessler*, 26 Ida. 764, Ann. Cas. 1917A, 228, 146 Pac. 113, L. R. A. 1915D, 322.)

And that such exemptions of the stock of building and loan corporations work no unjust discrimination has likewise been frequently held by the courts. (*Louisville Gas & Electric Co. v. Coleman*, 277 U. S. 32, 48 Sup. Ct. 423, 72 L. ed. 770 (775); 37 Cyc. 915.) Nor does such exemption constitute a discrimination against national banks so as to fall within the inhibitions of sec. 5219, U. S. R. S. (sec. 548, Tit. 12, U. S. C. A.). (*First Nat. Bank v. Dawson County*, 66 Mont. 321, 213 Pac. 1097.)

■ We conclude, therefore, that the statutes herein attacked by the plaintiff are not discriminatory, or in conflict with any provision of either state or national Constitution, or with the law prescribing the conditions of the consent of the Congress under which states may tax the shares of national banks.

But it is alleged and urged by the petitioner herein that though the statutes be found not discriminatory, the practice of the taxing officers of the various counties of the state has been systematically and intentionally to leave off of the assessment-rolls large amounts of capital, other than that specifically exempted, and capital which is in substantial competition with the business of the plaintiff and other banks

of the state, and that such practice is so discriminatory that it would be in contravention of the Constitution of the state and of the United States, to tax the shares of stock of the plaintiff bank and its sister state banks. (*Iowa-Des Moines Nat. Bank v. Bennett*, (U. S.) 52 Sup. Ct. 133, 76 L. ed. 164.)

A sufficient answer to this contention is that whatever unlawful practice may heretofore have been indulged in by the assessors of this state, or whatever the basis for its origin or growth may have been, it can no longer be justified since the enactment of Sess. Laws 1929, chapters 252 and 201, and we will not give it judicial sanction by issuing the writ of prohibition sought by this proceeding.

This proceeding invokes the extraordinary legal remedy of prohibition, and is directed against the assessor and members of the board of county commissioners of Ada county. We are asked to *prohibit* these defendant officials from assessing and taxing the shares of this relator, which we have held to be properly assessable and taxable under the law. Under the express provisions of our statutes (C. S., secs. 7267, 7268), as repeatedly construed by this court (*Stein v. Morrison*, 9 Ida. 426, 75 Pac. 246; *Rust v. Stewart*, 7 Ida. 558, 64 Pac. 222; *Bragaw v. Gooding*, 14 Ida. 288, 94 Pac. 438; *Olden v. Paxton*, 27 Ida. 597, 150 Pac. 40; *Fraser v. Davis*, 29 Ida. 70, 156 Pac. 913, 158 Pac. 233; *Skeen v. District Court*, 29 Ida. 331, 158 Pac. 1072; *Maxwell v. Terrill*, 37 Ida. 767, 220 Pac. 411; *Evans v. District Court*, 47 Ida. 267, 275 Pac. 99; 50 C. J. 676, sec. 43; 50 C. J. 675, sec. 41), in such a proceeding as this there are only two matters to be considered by us: (1) Did the defendants act without or in excess of their jurisdiction? (2) Did plaintiff have a plain, speedy and adequate remedy in course of law? Our primary inquiry is directed to the jurisdiction of the defendant officers to act. It cannot be said that they were acting *without or in excess* of their jurisdiction in assessing relator's shares. Rather, the complaint is that they were about to perform duties enjoined upon them by statute, in the doing of which they are vested with sole and exclusive jurisdiction, and it is obvious that

we cannot *prohibit* officers from doing their duty: (50 C. J. 681, sec. 53; *State v. Denney,* 150 Wash. 690, 274 Pac. 791.)

The defendants' demurrer is sustained and the alternative writ is quashed.

Givens and Leeper, JJ., concur.

Lee, C. J., and Varian, J., concur in the result.

Budge, J., took no part.

Petition for rehearing denied.