(No. 6419.   January 26, 1937.)

FRANKLIN PFIRMAN as Administrator With the Will Annexed of the Estate of ELISE HELLER, Deceased, Plaintiff,  v.  THE  PROBATE  COURT  OF  THE COUNTY OF SHOSHONE, STATE OF IDAHO, and the Honorable THOMAS B. KELLY, the Judge Thereof, Defendants.

[64 Pac. (2d) 849.]

Therrett Towels, Franklin Pfirman and H. J. Hull, for Plaintiff.

W. H. Langroise and James A. Wayne, for Defendants.

MORGAN, C. J.—Elise Heller, a resident of Shoshone county, died testate December 14, 1913. Her will was admitted to probate and thereafter such proceedings were had that certain unpatented mining claims, in said county, property of the estate, were sold by the executor to E. S. Crane, and the sale was by the probate court confirmed. Thereafter the heirs, legatees and devisees of deceased conveyed their interests in the property to Crane, who subsequently conveyed it to Coeur d'Alene Big Creek Mining Company, a corporation. No deed was executed by the executor or administrator of the Heller estate to Crane, or his grantee, and it is the contention of plaintiff that the purchase price was not paid.

December 13, 1935, the probation of the estate not having been closed, plaintiff, Pfirman, filed a petition in the probate court, wherein it was alleged, among other things, that the executor named in the will, who had qualified as such, was removed by the court March 15, 1929, and on that date George H. Heller was appointed administrator of the estate and continued to act as such until August 9, 1935, when he died. Plaintiff petitioned for, and was granted, letters of administration with the will annexed. Thereafter such proceedings were had that he, as such administrator, sold the above mentioned mining property to Sunshine Extension Mines Company and placed a deed in escrow purporting to

convey it to said company, which deed was delivered, pursuant to the escrow agreement, on payment of the purchase price.

Coeur d'Alene Big Creek Mining Company petitioned the probate court and moved it to set aside and hold for naught all proceedings in relation to the pretended sale of the property to Sunshine Extension Mines Company, charging, among other things, fraudulent concealment of material facts from the court, by and on behalf of plaintiff herein, with respect to the ownership of, and title to, said property by means of which the order of sale thereof had been procured.

Plaintiff herein demurred to the motion and moved to dismiss it and the petition. His demurrer and motion were overruled and denied and he was granted ten days in which to answer. Thereupon he commenced this action to secure a writ prohibiting the probate court from further proceeding pursuant to the petition and motion.

We have issued an alternative writ of prohibition. Defendant, the probate judge, and Coeur d'Alene Big Creek Mining Company demurred separately to the application for the writ. The demurrers present the question as to whether plaintiff is entitled to the writ of prohibition.

With respect to that writ, I. C. A., sec. 13–401, provides:

"It arrests the proceedings of any tribunal, corporation, board or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person."

Sec. 13–402 provides:

"It may be issued by any court except probate or justice's courts, to an inferior tribunal, or to a corporation, board or person in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law."

It is not urged that the probate court of Shoshone county has not jurisdiction of the probation of the estate in which the petition and motion to set aside the sale are pending, nor could such contention successfully be made. In *Short v. Thompson,* 56 Ida. 361, 369, 55 Pac. (2d) 163, 166, it is said:

"The probate court is a constitutional court vested with *exclusive original* jurisdiction 'in all matters of probate,

settlement of estates of deceased persons, and appointment of guardians.' ''

50 C. J. 680 (sec. 46) is as follows:

''Under the general rule prohibition will not lie for the purpose of correcting errors or irregularities committed by an inferior court of probate jurisdiction in proceedings within such jurisdiction.''

The writ of prohibition, and the limited field in which it may properly be used, have been discussed frequently by this court. In *Rust v. Stewart*, 7 Ida. 558, 561, 64 Pac. 222, it is said:

''The writ of prohibition is an extraordinary remedy, which is sometimes granted, not as matter of right, but in the sound discretion of the court, to restrain an inferior tribunal from exceeding its jurisdiction. Being an extraordinary writ, it should not issue in doubtful cases, nor in any case where a plain, speedy, and adequate remedy in the ordinary course of law exists. In this case is appears that a hearing of the said appeal will be speedily had in the district court. This court will be in session, in regular term, in May next. The action of the district court may be reviewed in this court in the ordinary course of law, as it is evident that under the provisions of our state constitution, the provisions of our code, and former rulings of this court, the decision of the district court in any and all cases may be reviewed in this court. If an appeal is not authorized, then a writ of error or *certiorari* will lie.''

(*Stein v. Morrison*, 9 Ida. 426, 75 Pac. 246; *Olden v. Paxton*, 27 Ida. 597, 150 Pac. 40; *Fraser v. Davis*, 29 Ida. 70, 156 Pac. 913; *Skeen v. District Court*, 29 Ida. 331, 158 Pac. 1072; *Little v. Broxon*, 31 Ida. 303, 170 Pac. 918; *Natatorium Co. v. Erb*, 34 Ida. 209, 200 Pac. 348; *Maxwell v. Terrell*, 37 Ida. 767, 220 Pac. 411; *Spivey v. District Court*, 37 Ida. 774, 219 Pac. 203; *Evans v. District Court*, 47 Ida. 267, 275 Pac. 99; *Evans v. District Court*, 50 Ida. 60, 293 Pac. 323; *State v. Leonardson*, 51 Ida. 646, 9 Pac. (2d) 1028.)

██ It is the duty of the probate court to determine, in the first instance, what is within and what is without its jurisdiction. If it should err in the decision of that question, the remedy, by appeal or writ of review, is plain, speedy and

adequate.   In *State v. Kauffman*, 86 Wash. 172, 149 Pac. 656, 657, the Supreme Court of Washington said:

"Where the right of a court to take jurisdiction of a given case is dependent on a given fact, the determination of that fact, like any other question of fact, is referred in the first instance to the trial court.   It is a fact which that court must determine *in limine* in every case.   That court of necessity has original jurisdiction to determine that fact. Its decision on that question of fact is reviewable in this court only by appeal or *certiorari.*"

In the case at bar, plaintiff's remedy in the ordinary course of law, should the probate judge err in his decision of the question before him, appears to us to be plain, speedy and adequate.

The demurrers are sustained, the alternative writ of prohibition heretofore issued is quashed, and the peremptory writ is denied.

Holden, Givens and Ailshie, JJ., concur.   Budge, J., concurs in the conclusion reached.