204 P.2d 1014

**MURPHY et al. v. McCARTY et al.**

No. 7523.

Supreme Court of Idaho.

April 8, 1949.

Wm. D. Keeton, of St. Maries, and Whitla & Knudson, of Coeur d'Alene, for plaintiffs.

J. H. Felton, and William J. Jones, both of Lewiston, for defendants.

PORTER, Justice.

The plaintiffs are engaged in the sawmill business in Latah County, Idaho. On June 3, 1948, they entered into a so-called "Loan Agreement" with one Uno C. Fogelstrom. By the terms of such agreement, Fogelstrom agreed to advance to plaintiffs the approximate sum of $29,000 immediately, and to make further advances, for the use of the plaintiffs in their sawmill business and in carrying out the terms of the loan agreement. The loan agreement also contained numerous provisions governing the handling of the products of the mill and purchase of same by Fogelstrom. To secure these advances and the performance of other terms of the loan agreement, the plaintiffs executed a chattel mortgage covering their sawmill and the machinery and equipment used in the operation of their business. Also, as like security, the plaintiffs executed a real estate mortgage on a considerable body of lands situated in the County of Latah.

On October 22, 1948, an action was filed in the District Court of the Second Judicial District of the State of Idaho, in and for the County of Latah, entitled Uno C. Fogelstrom, plaintiff v. M. J. Murphy and Stella R. Murphy, defendants, seeking to foreclose such mortgages.

On the same day, a request was made to Judge A. L. Morgan, of the Second Judicial District, for the appointment of a receiver. The application was based upon the verified complaint and the accompanying affidavit of William J. Jones, one of the attorneys for the plaintiff. Judge Morgan, being temporarily unable to act in the matter, orally requested Judge E. V. Boughton, of the Eighth Judicial District, to act upon such request. Judge Boughton was at that time, in Lewiston, Idaho, in the Tenth Judicial District. The application was submitted to Judge Boughton on the same day at Lewiston, and he thereupon appointed a receiver ex parte of the property covered by the mortgages. Thereafter, the receiver took possession of such property.

Judge Morgan having been thereafter disqualified by the defendants in such action. Judge Leo McCarty, of the Tenth Judicial District, was appointed by the Governor to hear and determine the case. On January 13, 1949, the defendants in such action, filed a motion before Judge McCarty to discharge the receiver and for the return of the property to the custody of such defendants, on the following grounds:

"First. The complaint and affidavit on which the receiver was appointed show insufficient facts for the appointment of a receiver and the court had no jurisdiction to appoint a receiver on the facts and showing made and none should have been appointed.

"Second. The defendants further move to discharge the receiver on the files and records of the cause, and on the affidavit of the defendants attached hereto, incorporated herein and made a part hereof, and of

L. R. Pugh attached hereto and made a part hereof."

A hearing was had on the motion on the same day, and on the showing made, the motion was by Judge McCarty, denied.

On February 12, 1949, this action was commenced in this court, seeking a Writ of Prohibition, prohibiting Judge McCarty from further enforcing such receivership, and from further proceeding under the order appointing the receiver, and praying that this court hold such order void. The petition in this action is based upon substantially the same grounds as were urged in the district court upon the motion for the discharge of the receiver; and upon the additional ground that the order appointing the receiver was void for want of jurisdiction by Judge Boughton to act and particularly to act at Lewiston. On February 22, 1949, this court issued an alternative writ of prohibition. Thereafter, the defendants filed a demurrer to the petition, a motion to quash the alternative writ and an answer. Affidavits were filed by both parties and the matter was presented orally to the court on March 18, 1949, and was by the court taken under advisement.

At the outset, plaintiffs contend that Judge Boughton did not have personal or territorial jurisdiction when he made the order for the appointment of the receiver. It appears from the affidavit of Judge Morgan that at the time the request for receiver was submitted to him he was temporarily *unable to act* and, finding that Judge Boughton was available, *orally requested* him to act upon the matter. Section 1-704, I.C.A., provides in part as follows:

"A district judge may hold a court in any county in this state *upon the request* of the judge of the district in which such court is to be held; * * *." (Emphasis supplied.)

Section 1-905, I.C.A., provides as follows:

"In case of a vacancy in the office of any district judge, or in his absence from the judicial district or state, or his sickness or *inability to act* from any cause, motions may be made before, or orders granted by, any other district judge, who shall have the same jurisdiction under this chapter as though he was the judge of said district, and orders, writs and judgments entered by such judge shall be made matters of record as herein directed and have the same effect as though made by the judge of said district." (Emphasis supplied.)

In the case of Application of Allen, 31 Idaho 295, 170 P. 921, 922, the Judge of the Seventh Judicial District held a court in the Third Judicial District. The record did not disclose that either of the judges of the Third Judicial District was absent from the state or district, or that either of said judges was unable by reason of sickness or for any other cause, to hold court in said county and district, or that either of said judges requested the Judge of the Seventh Judicial District to hold said court. Chief

Justice Budge, speaking for this court, after noting that the provisions of our constitution and statutes do not require that such facts appear in the record, continued as follows:

"In the case of State v. Holmes, 12 Wash. 169, 40 P. 735, 41 P. 887, it was held that where neither the Constitution nor the statutes make provision for spreading upon the record the fact that the visiting judge had been called to hold court either by the Governor or by the judges in the county where the term of court is held, 'it follows that the superior courts, being courts of general jurisdiction, it will be presumed that the court in each instance acted within its jurisdiction in the absence of an affirmative showing to the contrary,' and in our opinion this affirmative showing must appear in the record.

\* \* \* \* \* \*

"The California constitutional and statutory provisions in this respect are substantially identical with our own. In People v. Ah Lee Doon, 97 Cal. 171, 176, 31 P. 933, 934, that court said with reference to the identical question before us: 'It is objected that Judge Murphy had no authority to act in the cause on January 10th when he received the defendant's plea. It is certainly true that the order of the Governor, issued on January 12th, conferred no authority to act on the 10th. But Judge Murphy may have been, and probably was, presiding on the 10th by invitation of Judge Angellotti. Such invitation would have conferred the requisite authority. \* \* \*" The same principle was applied in Kettenbach v. Walker, 32 Idaho 544, 186 P. 912, and Ball v. Village of Parma, 49 Idaho 40, 286 P. 24. It will also be noted that Section 1-704 does not require that the request be in writing or in any particular form.

 It affirmatively appears in the record in this court that Judge Boughton was requested by Judge Morgan to act as provided by Section 1-704, and that there was a temporary inability to act on the part of Judge Morgan as provided by Section 1-905. It not being necessary that these facts affirmatively appear in the record in the original proceedings, we conclude that Judge Boughton had jurisdiction to act on the application for a receiver.

Plaintiffs urge that Judge Boughton, if he had jurisdiction to act at all, could not act at any place outside the limits of the Second Judicial District. It may be conceded that the jurisdiction of Judge Boughton was subject to the same limitations as those upon Judge Morgan for whom he presumed to act. Section 1-901, I.C.A., provides in part:

"A district judge may sit at chambers anywhere within his district, and when so acting, has jurisdiction and powers as follows:

\* \* \* \* \* \*

"4. To hear applications for the appointment of a receiver, or to discharge one already appointed, or to modify the order

appointing one, and to make all orders in relation to receivers, usually made by a judge or a court in such matters."

Section 1-903, I.C.A., is as follows:

"Before a demurrer, motion or other issue of law is heard at chambers, the party desiring said issue to be heard, shall give at least five days' notice to the opposing party, of the time and place of said hearing."

Section 1-904, I.C.A., provides:

"Unless otherwise specified by the district judge, all chamber matters shall be heard at the judge's chambers in the county where said judge resides, but said judge is hereby granted jurisdiction and power to sit at chambers in any other county in this district than that in which he lives."

Section 12-402, I.C.A., reads as follows:

"Motions must be made in the county in which the action is pending or in any county in the same judicial district. *Orders made out of court may be made by the judge of the court in any part of the state.*" (Emphasis ours.)

In Callahan v. Dunn, 30 Idaho 225, 164 P. 356, 357, this court considered, construed and attempted to harmonize these various statutes. The court, speaking through Justice Rice, said:

"It would seem that section 3893 (1-904, I.C.A.) was intended to apply to judges of the district, and that, when a judge of another district, under section 3894 (1-905, I. C.A.), assumes to act for an absent or dis-abled judge, he is subject to the limitations prescribed by section 3893 (1-904, I.C.A.).

"In the case of Matthews v. Superior Court, 68 Cal. 638, at page 641, 10 P. [128], at page 129, the court construed section 1004 of the California Code of Civil Procedure, which is substantially the same as section 4881 (12-402, I.C.A.) of our Codes, in the following language: 'Orders made out of court may be made by the judge of the court in any part of the state (Code Civ. Proc. § 1004). Motions referred to under section 1004, just cited, which by it are required to be made in the county or city and county in which the action is pending, in our opinion, are such motions as must be made and heard at court and not the ex parte motions which may be made and passed on at chambers.'

"We think that the proper construction of these various statutory provisions requires that all motions of which notice must be given, and which may be contested, must be made and heard in the county in which the action is pending, or in any county in the same judicial district, and that orders which may be made in any part of the state, as provided by section 4881 (12-402, I.C.A.), are ex parte orders which may be made without notice."

In Greene v. Edgington, 37 Idaho 1, 214 P. 751, the Court in considering these same statutes, seems to hold that the statewide jurisdiction conferred on a district court or a judge thereof by Section 12-402, attaches only in transitory actions. In Mason

v. Pelkes, 57 Idaho 10, 59 P.2d 1087, 1096, the judge of the district court of the First Judicial District of Idaho wherein the suit was pending, being disqualified to act therein, by order designated and called Judge Hodge of the Second Judicial District, to hear and determine the case. Thereafter Judge Hodge issued an order to show cause and restraining order which were signed in the Second Judicial District. In commenting on this situation, this court said:

"These appellants attack Judge Hodge's order to show cause and restraining order on the ground that the action wherein it was issued was pending in the First Judicial District and the order was signed by the judge in the Second Judicial District of Idaho. They cite Callahan v. Dunn, 30 Idaho 225, 164 P. 356, and Greene v. Edgington, 37 Idaho 1, 214 P. 751. These cases defeat, rather than support, their contention. * * *"

The gist of the court's holding is set out in paragraph 4 of the Syllabus as follows:

"Orders to show cause and temporary restraining orders may be made ex parte and without notice and may be signed by the judge anywhere in the state, either within or without the county wherein the action is pending."

The power to grant temporary injunctions at chambers is provided for in said Section 1-901, I.C.A., the same as is the power to hear applications for the appointment of a receiver. Section 6-603, I.C.A., recognizes the right of a judge to appoint a receiver upon an ex parte application. It would seem therefore, that the situation in the case at bar is analogous to the situation passed upon in Mason v. Pelkes, supra, and that the holding announced therein should govern in this case. We, therefore, hold that Judge Boughton had jurisdiction to act upon the application for, and to appoint, the receiver ex parte when outside the confines of the Second Judicial District.

The plaintiffs herein contend that Judge Boughton exceeded his jurisdiction in appointing a receiver on the showing made by the complaint and affidavit for the following reasons: (a), that the complaint was verified by one of the attorneys upon information and belief; (b), that no showing was made justifying the ex parte appointment of a receiver without notice to the defendants; (c), that the complaint stated insufficient facts to confer jurisdiction to appoint a receiver.

An examination of the complaint in the original action discloses that it states a cause of action for foreclosure; and in addition, specifically alleges that the defendants have violated a number of the material terms of the loan agreement; that the mortgaged property is probably insufficient to discharge the mortgage debt; that the mortgaged property is in danger of being lost, removed or materially injured; that the defendants are insolvent; and that there is due and owing the sum of $27,744.71. The complaint was duly verified as provided by statute by William J.

Jones, one of the attorneys for the plaintiff therein, the verification stating, "that the allegations therein are true as he verily believes."

In construing the provisions of Section 13-401, I.C.A., and Section 13-402, I.C.A., relative to Writs of Prohibition, this court said in Olden v. Paxton, 27 Idaho 597, 150 P. 40, 41:

" * * * two contingencies must arise before the writ of prohibition will issue, viz., that the tribunal, corporation, board, or person is proceeding without or in excess of the jurisdiction of such tribunal, corporation, board, or person, and that there is not a plain, speedy, and adequate remedy in the ordinary course of law."
This construction has been repeatedly followed by this court. State v. Leonardson, 51 Idaho 646, 9 P.2d 1028, and cases therein collected and cited; Pfirman v. Probate Court, 57 Idaho 304, 64 P.2d 849.

The case of Skeen v. District Court, 29 Idaho 331, 158 P. 1072, 1074, was virtually parallel in its facts to the case at bar. Substantially the same objections were urged in that case to the ex parte appointment of a receiver as are urged in this contention by plaintiffs. It was urged that a similar verification was insufficient, that there was no showing of the necessity for appointing the receiver without notice, and that there was other security consisting of a real estate mortgage. Justice Morgan, speaking for this court after pointing out that under our constitution and statutes the district court has jurisdiction in foreclosure suits, and in such suits has jurisdiction to appoint a receiver, continued as follows:

"What we have heretofore said about the scope and purpose of the writ of prohibition disposes of these contentions. The district court had jurisdiction of the parties and of the subject-matter in the foreclosure suit, and did not exceed its jurisdiction in appointing the receiver and in ordering the sale, but proceeded under authority expressly conferred by law. If it committed errors, they cannot be corrected in this form of action."

It thus appears that the district court had jurisdiction to hear and determine the foreclosure action and to appoint a receiver therein; and if any errors were committed in the exercise of such jurisdiction, they cannot be corrected in this application for a Writ of Prohibition.

Plaintiffs further contend that Judge McCarty exceeded his jurisdiction in denying the motion to discharge the receiver on the showings made at the time of the hearing on the motion. This contention, under our statutes, is likewise without merit in a proceeding of this nature. Authorities from other jurisdictions, cited by counsel, as to the quantum of proof necessary to confer jurisdiction to appoint a receiver, are not controlling. At the time of the hearing, Judge McCarty had jurisdiction of the person and subject matter of the foreclosure proceedings. Whatever error, if any, he may have committed in con-

tinuing the receivership, was subject to correction in the manner pointed out by statute and was not in excess of his jurisdiction. Utah Ass'n of Credit Men v. Budge, 16 Idaho 751, 102 P. 691.

Upon the showings made, the application for a writ of prohibition will be denied and defendants' motion to quash the alternative writ will be granted. Costs to defendants.

GIVENS, J., and SUTTON, and GLENNON, District Judges concur.

HOLDEN, C. J., sat at the hearing but did not participate in the decision.